298 P.2d 945

Albert T. SWALLOWS, Plaintiff-
Appellant,

v.

CITY OF ALBUQUERQUE, Employer;
Mountain States Mutual Casualty Com-
pany, Insurer; Defendants-Appellees.

No. 6075.

Supreme Court of New Mexico.

June 27, 1956.

Joseph L. Smith, Henry A. Kiker, Jr., Albuquerque, for appellant.

Hannett, Hannett & Cornish, Albuquerque, for Mountain States Mutual Casualty.

Frank L. Horan, Albuquerque, for City of Albuquerque.

LUJAN, Justice.

This is an appeal from the district court of Bernalillo County dismissing claimant's action, and holding that it was barred by the statute of limitations. No doubt the trial court felt compelled by the legislative directive of § 59–10–13 of 1953 Compilation to dismiss the proceedings as not timely filed. The same compulsion forces us to a similar ruling.

Albert T. Swallows, an employee of the City of Albuquerque Police Department, was injured in the course of his employment in an accident on May 24, 1949. On March 20, 1953, claimant filed a claim against the defendant. On the trial of this cause the court entered a judgment upon the verdict of the jury in favor of claimant.

On appeal to this court the judgment was reversed on the ground that the claim had been prematurely filed. Swallows v. City of Albuquerque, 59 N.M. 328, 284 P.2d 216. Judgment on the mandate of this court dismissing claimant's first action was filed on June 21, 1955. On June 30, 1955, over one year from the refusal and failure of the defendant to pay compensation, claimant filed his second claim against the defendant based upon the same alleged state of facts as in the original action.

The claim having been dismissed and not renewed within one year after refusal or failure of the employer to pay compensation, the question now presented is whether claimant in consequence thereof lost his rights by limitations.

It is claimant's contention that the superseding of a judgment pending an appeal, even in special statutory proceedings, tolls the running of the statute of limitations. We are unable to agree with this contention.

Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as the remedy, and in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations. See, Wilson v. New Mexico Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61. If one does not pro-

tect himself and his rights under the law as written it is his misfortune, and this court should not by judicial legislation, for the purpose of relieving that misfortune, write into the statute a provision that the legislature has not seen fit to enact. Vokovich v. St. Louis, Rocky Mountain & Pacific Co., 40 N.M. 374, 60 P.2d 356.

In 34 Am.Jur. § 281 at page 227, we find the following language:

"In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him, and if, before he commences a new action after having become nonsuited or having had his action abated or dismissed, the limitation runs, the right to a new action is barred. And where a statute creates a right of action which did not exist at common law, and which does not obtain in the absence of such statute, the limitation prescribed therein, within which such action must be commenced, is a condition imposed upon the exercise of the right of action granted, and this time is not extended by the pendency and dismissal of a former action. * * *"

Workmen's compensation statutes are sui generis and create rights, remedies and procedure which are exclusive. They are in derogation of the common law and are not controlled or affected by the code of procedure in suits at law or actions in equity except as provided therein. Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044; Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307. The remedy provided by the act being complete in itself and being a departure from the common-law remedy, the period of limitation for beginning suit which is named in the act controls, to the exclusion of the general act of limitations with respect to the time within which actions generally may be commenced.

It follows from what has been said that the time the plaintiff's first suit was pending in this court cannot be deducted from the limitation period. Consequently the trial court correctly held that the claim was barred at the time the present suit was instituted. The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER and McGHEE, JJ., concur.

KIKER, J., not participating.