473 P.2d 380

John E. PERRY, Ancillary Administrator of the Estate of Warren M. Kitter and Personal Representative of Warren M. Kitter, Plaintiff-Appellant,

v.

Hugh Michael STAVER and Edward Junker, Defendants-Appellees.

No. 447.

Court of Appeals of New Mexico.

July 24, 1970.

Alfred H. McRae, Douglas T. Francis, Albuquerque, for appellant.

Denny, Glascock & McKim, Gallup, J. L. Leftow, Lewis R. Sutin, Albuquerque, for appellees.

## OPINION

OMAN, Judge.

Plaintiff appeals from a judgment dismissing his complaint for the alleged wrongful death of Warren M. Kitter. We affirm.

Decedent was struck by defendants' pickup truck in McKinley County, New Mexico, and died in said county on July 24, 1965. Suit for his alleged wrongful death was first filed against defendants by a claimed ancillary administrator in Valencia County, New Mexico, on September 21, 1967. On January 15, 1969, the New Mexico Supreme Court made permanent a theretofore issued Alternative Writ of Prohibition by which the trial judge in the Valencia County suit was commanded to refrain and desist from further proceeding in that cause.

Upon motion by defendants, the court in Valencia County on February 11, 1969, entered an order dismissing the complaint with prejudice. The plaintiff in that proceeding then moved to have the order vacated on the grounds that: (1) his counsel had been given no notice of defendants' motion for dismissal, (2) the order of dismissal had been entered ex parte, and (3) the Writ of Prohibition did not preclude a second action by the personal representative of decedent under the New Mexico Wrongful Death Act. The court thereupon entered an order directing defendants to show cause why the order dismissing the complaint with prejudice should not be vacated and set aside.

In their response to the order to show cause, defendants stated, among other things, that:

"6. The Dismissal of the plaintiff's complaint in this cause does not prevent the personal representative of Warren M. Kitter, deceased, from taking any action separate and apart from this cause."

On March 5, 1969, after a hearing, the court entered an order vacating and setting aside the order of February 11, and ordered " * * * that the complaint in this action be dismissed without prejudice to the bringing of other actions or proceedings on account of the death of WARREN M. KITTER, deceased."

On June 2, 1969, the complaint in the cause now before us on this appeal was filed in McKinley County. On June 27, 1969, defendants filed a motion to dismiss the complaint. Judgment dismissing the complaint with prejudice was entered on September 29, 1969, and this appeal followed.

The points relied upon for reversal will be considered in the order of their presentation in the briefs. The first of these is: "DEFENDANTS WAIVED THE STATUTE OF LIMITATIONS."

The applicable limitations statute is § 22–20–2, N.M.S.A.1953 (Supp.1969), which provides:

"*Limitation of actions.*—Every action instituted by virtue of the provisions of this and the preceding section [22–20–1] must be brought within three [3] years after the cause of action accrues. The cause of action accrues as of the date of death."

Plaintiff predicates his claim of waiver by defendants on:

(1) The foregoing quoted statement in their response to the order to show cause.

(2) The following language in the final order entered in the Valencia County suit:

" * * * that the Writ of Prohibition * * * does not preclude the institution of further claims for the benefit of the beneficiaries of WARREN M. KITTER, deceased, for his wrongful death. * * *

" * * *.

"IT IS FURTHER ORDERED that the complaint in this action be dismissed without prejudice to the bringing of other actions or proceedings on account

of the death of WARREN M. KITTER, deceased."

In support of his position, plaintiff cites Greve v. Gibraltar Enterprises, Inc., 85 F. Supp. 410 (D.N.M.1949), for the general principle that a statute of limitations is a privilege which may be waived, or which a defendant may be estopped from asserting. He also cites the Annotation, 24 A. L.R.2d 1413, 1417 (1952), for the statement:

"It is established by the overwhelming weight of authority, * * * that the equitable doctrine of estoppel in pais may, in a proper case, be applied to prevent a fraudulent or inequitable resort to a statute of limitations, and that a debtor or defendant may, by his *representations*, promises, or conduct, be estopped to assert the statute, where the other elements of estoppel are present." [Emphasis added.]

The following are some of the obvious fallacies in plaintiff's position:

(1) No question of waiver was raised, mentioned, considered or ruled upon by the trial court in the Valencia County suit, even if we were to concede that court could properly have considered and ruled upon this issue had it been presented, which we do not concede and upon which question we need not pass.

(2) It would be a very strained and surprising construction of the language used by defendants, in their response to the order to show cause, to hold they thereby intentionally waived all right to thereafter raise the question of the limitation statute in a subsequent suit. A waiver is the intentional abandonment or relinquishment of an existing right. Chavez v. Gomez, 77 N.M. 341, 423 P.2d 31 (1967). Neither the language used nor the act of inserting such language in their response can properly be construed as an intentional abandonment or relinquishment of their right to raise the question of the limitation statute in the subsequent suit.

(3) The question of waiver is ordinarily one of fact. Chavez v. Gomez, supra.

There is nothing in the record of the case now before us to indicate this question was ever presented to or passed upon by the trial court in any way. Since it is not a jurisdictional question, it may not properly be raised for the first time on appeal. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969); Barnett v. Cal M, Inc., 79 N.M. 553, 445 P.2d 974 (1968); Supreme Court Rule 20(1), [§ 21–2–1(20) (1), N.M.S.A. 1953]; § 21–2–2, N.M.S.A.1953 (Supp. 1969).

(4) Plaintiff in the Valencia County case initiated the action to have the language in the order changed from "dismissed with prejudice" to "dismissed without prejudice." The statement by defendants, that the dismissal of plaintiff's complaint did not prevent decedent's personal representative " * * * from taking any action separate and apart from this cause," could only be construed as their opinion as to the legal effect of the words "with prejudice." The change was made as requested by the plaintiff, and that change cannot now be distorted into either a waiver by or an estoppel against defendants.

(5) Even if the language used by defendants could possibly be construed as a representation that the limitation statute would not be asserted as a defense in a subsequent suit, the response containing this language now relied upon by plaintiff was not filed until February 28, 1969, and the statutory period of limitation had expired on July 24, 1968. Section 22–20–2, supra. Thus, the plaintiff in neither suit could have relied upon anything said or done by defendants which worked to his disadvantage or placed him in a position to his detriment or prejudice. See City of Roswell v. Mountain States Telephone & Tele. Co., 78 F.2d 379 (10th Cir. 1935); Porter v. Butte Farmers Mutual Insurance Company, 68 N.M. 175, 360 P.2d 372 (1961); Doran v. First National Bank of Clovis, 22 N.M. 236, 160 P. 770 (1916); Annot., 24 A.L.R.2d 1413, 1415, 1420, 1423 (1952).

(6) The New Mexico Wrongful Death Act [§§ 22–20–1 and 3, N.M.S.A.1953, and

§§ 22–20–2 and 4, N.M.S.A.1953 (Supp. 1969)], creates a cause of action which did not exist at common law. Cain v. Bowlby, 114 F.2d 519 (10th Cir. 1940), cert. denied, 311 U.S. 710, 61 S.Ct. 319, 85 L.Ed. 462 (1940); Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1952); Romero v. A. T. & S. F. Ry. Co., 11 N.M. 679, 72 P. 37 (1903). Compare Moragne v. State Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed. 2d 339, decided June 15, 1970. The limitation provisions thereof are not only a limitation on the remedy, but also on the right to institute such an action. Wall v. Gillett, 61 N.M. 256, 298 P.2d 939 (1956); Natseway v. Jojola, supra; State ex rel. De Moss v. District Court of the Sixth Judicial Dist., 55 N.M. 135, 227 P.2d 937 (1951). Upon the expiration of the three year limitation period provided in § 22–20–2, supra, the right to maintain the suit for the alleged wrongful death of decedent terminated, or was thereafter barred. State ex rel. DeMoss v. District Court of the Sixth Judicial Dist., supra. Estoppel cannot be successfully asserted to lengthen the existence of such a statutorily created right of recovery. Harwood v. Chicago, R. I. & P. Ry. Co., 101 Kan. 215, 171 P. 354 (1917); Peters v. Public Service Corporation, 132 N.J.Eq. 500, 29 A.2d 189 (1942). See also Kilkenny v. Kenney, 68 N.M. 266, 361 P. 2d 149 (1961), in which it was held an action under the Wrongful Death Act " * * * must be brought within three years * * *" as provided by the limitation in the Act.

■ Plaintiff's second point is broken down into four subpoints. He first contends the present suit is deemed a continuation of the prior suit within the contemplation of § 23–1–14, N.M.S.A.1953, which provides:

"*Failure of first action—Second suit deemed a continuation.*—If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six [6] months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

This section of our statutes is a portion of Ch. V of the Laws of 1880, which in substance now appears as Ch. 23, N.M.S.A. 1953, entitled "Limitations of Actions." This Chapter contains several sections relating to the period of limitation within which certain designated claims or causes of action may be brought, but none of these relate to a cause under the Wrongful Death Act. Section 23–1–17, N.M.S.A.1953 provides:

"*Other statutes prescribing limitations unaffected.*—None of the provisions of this chapter shall apply to any action or suit which, by any particular statute of this state, is limited to be commenced within a different time, nor shall this chapter be construed to repeal any existing statute of the state which provides a limitation of any action; but in such cases the limitation shall be as provided by such statutes."

Thus, the provisions of § 23–1–14, supra, are inapplicable to our Wrongful Death Act.

What has been said above concerning the limitation of the right, or cause of action, for wrongful death is applicable here. As stated in Natseway v. Jojola, supra:

"There is no saving clause in the limitation provision of the death by wrongful act statute and the courts cannot provide a saving clause or create an exception where the statute contains none. * * *"

The holding in the Natseway case is consistent with the general rule applicable to wrongful death actions. This rule is stated as follows in Annot., 67 A.L.R. 1070 (1930):

"In a majority of the jurisdictions it is held that provisions in statutes authorizing actions for wrongful death, which limit the time within which the actions shall be brought, are not properly statutes of limitations as that term is generally understood, but they are qualifica-

tions and conditions restricting the rights granted by the statutes, and must be strictly complied with; and that no explanation as to why actions were not brought within the time limit will prevent the operation of such a provision of the statutes unless the statutes themselves contain a saving clause."

See also Western Coal & Mining Co. v. Hise, 216 F. 338 (8th Cir. 1914), cert. denied, 241 U.S. 666, 36 S.Ct. 551, 60 L. Ed. 1228 (1915); Partee v. St. Louis & S. F. R. Co., 204 F. 970 (8th Cir. 1913); Vines v. Arkansas Power & Light Company, 232 Ark. 173, 337 S.W.2d 722 (1960); Bishop v. Chicago Rys. Co., 303 Ill. 273, 135 N.E. 439 (1922); Bowles v. Portelance, 145 Kan. 940, 67 P.2d 419 (1937); Konstoras v. Hines, 80 N.H. 500, 119 A. 332 (1932); Annot., 79 A.L.R.2d 1309, 1323 (1961); Annot., 132 A.L.R. 293, 296, 298 (1941); Annot., 67 A.L.R. 1070, supra. Compare Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945 (1956); United States v. Bureau of Revenue of State of New Mexico, 217 F.Supp. 849 (D.N.M.1963).

The right to institute a suit for the alleged wrongful death of decedent had expired on July 24, 1968. Section 22–20–2, supra.

Plaintiff, in the remaining three subpoints under his second point, asserts: (1) Section 23–1–14, supra, applies even though the prior or first action failed because brought in the wrong county; (2) Plaintiff was not negligent in the prosecution of the first suit; and (3) The change of the nominal plaintiff in the second suit from the nominal plaintiff in the first suit does not preclude the second suit from being deemed a continuation of the first within the provisions of § 23–1–14, supra.

As above stated, the right to institute a suit for the alleged wrongful death of decedent expired on July 24, 1968, and the savings provision contained in § 23–1–14, supra, is not applicable to the limitation placed on the time of existence of the right, or cause of action, created by the Wrongful Death Act. Thus, we need not and do not reach the question of whether plaintiff could otherwise bring himself within the requirements of § 23–1–14, supra.

■ In his third point, plaintiff asserts that: "ANY QUESTION OF THE TIMELINESS OF THIS ACTION IS RES JUDICATA." He relies upon the following language in the March 5, 1969 Order entered in the Valencia County case and to which reference is above made: "IT IS FURTHER ORDERED that the Complaint in this action be dismissed without prejudice to the bringing of other actions or proceedings on account of the death of WARREN M. KITTER, deceased."

This Order was entered pursuant to the permanent Writ of Prohibition issued by the New Mexico Supreme Court. The records in both the Valencia County suit and the McKinley County suit are before us, and in neither is there any reference to or suggestion that the timeliness of the present suit, the limitation provided in § 22–20–2, supra, or any limitation statute was ever raised or considered prior to the filing of the motion to dismiss the complaint in the present suit.

Plaintiff relies upon Glass v. United States Rubber Company, 382 F.2d 378 (10th Cir. 1967); Lindauer Mercantile Co. v. Boyd, 11 N.M. 464, 70 P. 568 (1902); Trujillo v. Acequia de Chamisal, 79 N.M. 39, 439 P.2d 557 (Ct.App.1968). He particularly relies upon the following language from De Sollar v. Hanscome, 158 U.S. 216, 15 S.Ct. 816, 39 L.Ed. 956 (1895), which was quoted in the Glass case:

" 'It is undoubtedly settled law that a judgment of a court of competent jurisdiction, upon a question directly involved in one suit, is conclusive as to that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. * * * ' "

The foregoing language related to the question of "estoppel by judgment." Immediately preceding the above quoted language in the De Sollar case, the court stated that " * * * it is of the essence of estoppel by judgment that it is certain that the precise fact was determined by the former judgment."

It is far from apparent, upon the face of the records before us, that the precise issue of timeliness, or limitation, was ever raised in the Valencia County suit; certainly we are unable to say this issue was directly involved in that suit or determined by the court in its order of March 5, 1969. We are unable to read into the words "without prejudice," considering the reasons for the use of these words and the context in which they were used, that the court meant to determine the question of timeliness, in bringing a subsequent suit, could not thereafter be raised, even if the Valencia County court had the authority to make such a determination.

Plaintiff also relies upon the following rule from Lindauer Mercantile Co. v. Boyd, supra:

"To make a matter *res judicata* there must be a concurrence of the four conditions following, viz.: First, identity of the subject-matter; second, identity of cause of action; third, identity of persons and parties; and, fourth, identity in the quality of the persons for or against whom claim is made. * * *"

In Trujillo v. Acequia de Chamisal, supra, the necessity for the identity of these four conditions was again asserted.

The subject matter, or the issue, which plaintiff contends is res judicata, is that of the timeliness of the filing of the present suit. As already stated, this issue was never a part of the subject matter of the Valencia County proceedings. Since it was not a fact, or an issue, the determination of which was material, relevant, and necessary to a conclusion of that case, the doctrine of res judicata was not properly applicable thereto. Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636 (1942); Trujillo v. Acequia de Chamisal, supra. As already stated, the Valencia County case was concluded pursuant to a Writ of Mandamus issued by the Supreme Court of · New Mexico, and the timeliness of a subsequent suit, insofar as shown by the records before us is concerned, was in no way involved.

The plaintiff's final point is that he " * * * HAS THE LEGAL CAPACITY TO MAINTAIN THIS ACTION." We need not reach this question in view of our holding above that the cause was barred by the limitation provision of § 22–20–2, supra.

The judgment should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.