■ DONITA L. KEEL, Formerly Known as DONITA LENT, Respondent, v PARKE, DAVIS & COMPANY, Appellant.—In a products liability action, defendant appeals from an order of the Supreme Court, Nassau County, dated May 11, 1978, which denied its motion to dismiss the plaintiff's complaint as time barred. Order reversed, on the law, with $50 costs and disbursements, motion granted and the complaint is dismissed. In 1971 plaintiff commenced a products liability action against the defendant claiming that she contracted poliomyelitis in 1955 as a result of being injected with defendant's vaccine. After numerous delays and adjournments, the action was ultimately dismissed in 1977 after the plaintiff had refused to begin selection of a jury because she was still in search of a particular witness who had written a newspaper story on the inoculations at the time she had been injected with the vaccine. The Trial Judge did not expressly state whether the dismissal was for "neglect to prosecute" so as to exclude it from the provisions of CPLR 205 (subd [a]), but he did state for the record: "Issue was

joined in this case on June 30th, 1971. The case was put on the calendar, this 1973 case, on February 3rd, 1976. It was on the calendar November 24th, 1975, June 19, 1975 it was pretrialed and put back on the calendar on February 3rd, 1976; it was again adjourned by Judge Sullivan to February 17th, 1976. On February 17th, 1976 it was put over to the following day and on February 18th, 1976, the Statement of Readiness was vacated, the Note of Issue was stricken by Judge Sullivan. Thereafter, it was restored to the trial calendar on March 14th, 1977 and put on for the May 1977 term on the plaintiff's motion. The decision and order directing that it be restored by Morton B. Silberman, J.S.C. on 2/25/77. On May 2nd, 1977, Judge Gagliardi ordered this case on preemptorily for the June term to start May 31st, 1977." Within six months of the dismissal, the plaintiff commenced a new action upon the same occurrence and the defendant moved to dismiss it on the ground that the action was time barred. Since the action normally would have been time barred, plaintiff opposed defendant's motion by relying on CPLR 205 (subd [a]) which states, in relevant part: "If an action is timely commenced and is terminated in any other manner than * * * a dismissal of the complaint for neglect to prosecute the action * * * the plaintiff * * * may commence a new action upon the same transaction or occurrence * * * within six months". Special Term denied the motion on the ground that the Trial Judge failed to expressly state that his dismissal was for neglect to prosecute. The only question on this appeal is whether the dismissal by the Trial Judge of the original action constituted a dismissal for "neglect to prosecute". We hold that it was. As this court stated in *Wright v Defelice & Son* (22 AD2d 962, 963, affd 17 NY2d 586): "In the true and practical sense the plaintiff *failed by reason of his neglect to prosecute* his action between 1956 and 1963. To construe plaintiff's repeated and deliberate failure to proceed to trial in any manner other than as a neglect to prosecute would result in harassment and undue expense to the [defendant]; [it] would be penalized by the plaintiff's unreasonable and willful procrastination despite [its] own readiness to proceed." In this case, the plaintiff, who was seven years old when she was injected with the allegedly defective vaccine in 1955, is now over 30 years of age. The defendant asserts that it has been prejudiced by the passage of time since some of its witnesses are no longer available and its ability to defend is deteriorating. It is apparent from this record that we must reverse and grant the defendant's motion. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.