646 P.2d 1243
**Lawrence KING, Plaintiff-Appellee,**

v.

**James E. LUJAN, Frank Stockton, Roy B. Olguin, and Golden Tee, Inc., a New Mexico corporation, Defendants-Appellees,**

v.

**Arthur TANUZ, Defendant-Appellant.**

**No. 13910.**

Supreme Court of New Mexico.

June 14, 1982.

Thomas J. Clear, Jr., Albuquerque, for appellant.

Edward G. Parham, Albuquerque, for appellees.

## OPINION

FEDERICI, Justice.

On May 8, 1970, plaintiff-appellee agreed to sell to defendant-appellant a cocktail lounge, equipment, fixtures and a liquor license. Upon appellant's failure to pay according to their agreement, appellee filed suit on November 17, 1971, for a return of the lounge, equipment, fixtures, inventory and liquor license, or in the alternative, specific performance of the purchase agreement.

On August 5, 1974, the trial court entered an order waiving the three-year rule under N.M.R.Civ.P. 41(e), N.M.S.A. 1978 (Repl. Pamp.1980), thereby continuing the suit. On July 8, 1975, an order for dismissal without prejudice for lack of prosecution was entered sua sponte by the court under N.M.R.Civ.P. 41(b), N.M.S.A. 1978 (Repl. Pamp.1980). On August 17, 1979, an order reinstating the suit was entered. Appellant subsequently filed a motion to dismiss. This motion was denied. The trial court held for the appellee, finding that:

3. The Defendant assumed the mortgage in the amount of $52,914.00, and signed the promissory note for $17,085.88. The Defendant, however, only paid $1,000 as down payment, which left a balance owing of $14,000.

    \*    \*    \*    \*    \*    \*

8. At a later hearing on the merits \* \* the Defendant \* \* \* testified that he had paid the entire balance of $15,000.00 and that he had the cancelled checks and receipt. The Defendant, however, did not have the cancelled checks or receipts in his possession, and he asked leave of the Court for time to produce evidence of payment.

Following a series of hearings at which the court permitted appellant to provide evidence showing payment of the $14,000 balance, the court concluded that appellant had provided no such evidence and that the appellee was entitled to entry and enforcement of judgment in this amount.

The issue raised on appeal is whether, under these circumstances, the trial court had jurisdiction to reinstate this case nearly eight years after the suit was originally filed. We hold that the trial court was without jurisdiction to reinstate the case. In addressing this issue, we must consider the effect of the applicable statute of limitations as well as the effect of the dismissal without prejudice for lack of prosecution on the status of this lawsuit.

■ The appropriate statute of limitations is Section 37–1–3(A), N.M.S.A. 1978, which requires that actions "founded upon any \* \* \* promissory note \* \* \* or other contract in writing \* \* \* [must be brought] within six years." Filing of the complaint is commencement of the action which generally tolls the applicable statute of limitations. *Prieto v. Home Ed. Livelihood Program*, 94 N.M. 738, 616 P.2d 1123 (Ct.App. 1980). In deciding this case, we must necessarily decide whether the statute of limitations is tolled by a suit which is dismissed without prejudice, or whether we treat a dismissal without prejudice as actually leaving the situation as though suit had never been brought and the statute of limitations never tolled.

■ After a consideration of the purpose and policies underlying Rule 41, we adopt the view that even though the filing of a suit ordinarily tolls the applicable limitations period, when an action is dismissed

without prejudice because of a failure to prosecute, the interruption is considered as never having occurred. *Suppeland v. Nilz,* 128 Ariz. 43, 623 P.2d 832 (1981). *See Owens v. Weingarten's, Inc.,* 442 F.Supp. 497 (W.D.La.1977); *Barrentine v. Vulcan Materials Company,* 216 So.2d 59 (Fla.App.1968); *Keel v. Parke, Davis & Co.,* 72 A.D.2d 546, 420 N.Y.S.2d 726 (1979); *Fittro v. Alcombrack,* 23 Wash.App. 178, 596 P.2d 665 (1979).

As the court stated in *Moore v. St. Louis Music Supply Co., Inc.,* 539 F.2d 1191 (8th Cir. 1976), we hold that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending.

A party who has slept on his rights should not be permitted to harass the opposing party with a pending action for an unreasonable time. Rule 41(e) specifically addresses this concern. Holding that a Rule 41(b) dismissal without prejudice tolls the statute for the time the case was pending could conceivably extend the time for bringing suit indefinitely; the plaintiff could continuously refile but never act to bring the case to its conclusion. Furthermore, the courts should not distinguish between a plaintiff who takes no action before the limitations period expires and a plaintiff who files a complaint before the period expires but who thereafter takes no action. A plaintiff who files near the end of the limitations period benefits from being able to prosecute his claim after the period has expired, but if he fails to take advantage of that opportunity, and suffers dismissal for failure to prosecute, there is no reason to let him have an extended period in which to sue.

It is not necessary for us to determine the exact date that appellee's cause of action accrued; it had certainly accrued by the date appellee filed suit, November 17, 1971. As we held above, the statute of limitations is not deemed to have been suspended during the period in which the suit was pending. The statute had run continuously at least since the suit was filed in November of 1971, and this cause of action was time barred as of November 1977. Accordingly, the trial court's reinstatement of this case in 1979 was improper. Where the period of limitations has run, a dismissal without prejudice is tantamount to dismissal with prejudice. 5 J. Moore, Moore's Federal Practice § 41.11[2] at 41–145 (2d ed. 1981).

The trial court is reversed. This cause of action is hereby dismissed with prejudice and the trial court shall enter an order to this effect.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, J., concur.