717 P.2d 87

The ESTATE OF Blas GUTIERREZ, by George B. HANEY, as Personal Representative, Plaintiff-Appellee,

v.

ALBUQUERQUE POLICE DEPART-MENT and Bernalillo County Detention Center, Defendants-Appellants.

No. 8750.

Court of Appeals of New Mexico.

March 4, 1986.

Certiorari Denied March 26, 1986.

Daniel Rakes, Leon Taylor, Albuquerque, for plaintiff-appellee.

Mark S. Jaffe, Lopez, Lopez & Jaffe, P.C., Albuquerque, for defendant-appellant Albuquerque Police Dept.

Ronald F. Horn, Phil Krehbiel, Keleher & McLeod, P.A., Albuquerque, for defendant-appellant Bernalillo County Detention Center.

## OPINION

GARCIA, Judge.

This matter is before the court, 715 P.2d 71, on an interlocutory appeal from the denial of defendants' motion for summary judgment. Defendants raise one issue: whether plaintiff's claim should have been dismissed for violation of the two-year statute of limitation under the New Mexico Tort Claims Act, NMSA 1978, Section 41-4-15 (Repl.Pamp.1982). Plaintiff seeks to raise an additional issue: whether the court erred in granting summary judgment to ten other individual defendants. We reverse as to the first issue; because the additional issue was not certified, we do not address it.

## FACTS

Blas Gutierrez was arrested and held at the Bernalillo County Detention Facility. On May 11, 1982, while in custody, he died of a heart attack. Plaintiff, the personal representative of the estate, filed a 42 U.S.C. Section 1983 civil rights complaint in federal district court against various individuals and the City of Albuquerque, alleging injury and wrongful death. The complaint also contained a pendent state claim pursuant to the Tort Claims Act, Sections 41-4-1 to -27 (Repl.Pamp.1982). The pendent claim named the City of Albuquerque as a defendant. The complaint was filed within all applicable statutes of limitation.

In December of 1983, eleven months after the first complaint, plaintiff filed an amended complaint dropping the City of Albuquerque as a defendant in the pendent claim, but adding the Albuquerque Police Department (APD) and the Bernalillo County Detention Center (BCDC) as new defendants. Thus, as of December 1983, APD and BCDC were the only named defendants in plaintiff's Tort Claims Act cause of action. *See Biebelle v. Norero*, 85 N.M. 182, 510 P.2d 506 (1973); *see also* NMSA 1978, Civ.P.R. 15(e) (Repl.Pamp.1980).

On May 22, 1984, the federal court dismissed a number of plaintiff's claims with prejudice and also dismissed plaintiff's pendent state claim without prejudice. Plaintiff filed a motion for reconsideration which was denied on September 11, 1984. No appeal was taken from the court's order of dismissal. Rather, plaintiff filed suit in state district court against all of the individual defendants named in plaintiff's federal claim and also added a new defendant, the County of Bernalillo. · The action in state court was filed two years and four months after the death of Blas Gutierrez.

In their answer to the complaint, all defendants asserted noncompliance with the statute of limitations, and subsequently filed motions for summary judgment claiming plaintiff's cause of action was barred under the statute of limitations contained in the Tort Claims Act. The trial court granted the motion as to the individual defendants, but denied it as to APD and BCDC. It is from the denial of summary

jüdgment that those two defendants appeal.

## WHETHER PLAINTIFF'S CLAIM SHOULD HAVE BEEN DISMISSED FOR VIOLATION OF THE TWO-YEAR STATUTE OF LIMITATIONS

Sovereign immunity was abolished in New Mexico in 1975. *Hicks v. State*, 88 N.M. 588, 544 P.2d 1153 (1975). The court stated:

> [W]e take this opportunity to rid the State of this legal anachronism. Common law sovereign immunity may no longer be interposed as a defense by the State, or any of its political subdivisions, in tort actions. Sovereign immunity was born out of the judicial branch of government, and it is the same branch which may dispose of the doctrine. It can no longer be justified by existing circumstances and has long been devoid of any valid justification.

*Hicks*, 88 N.M. at 590, 544 P.2d at 1155.

■ The following year, the New Mexico Legislature responded by passing the Tort Claims Act which reinstated governmental liability in certain classes of activities specifically set out as exemptions within the Act. *Begay v. State of New Mexico*, Ct. App. No. 7949 (filed December 10, 1985), *cert. granted sub nom. Begay v. Smialek* 2/12/86. In fashioning the parameters of governmental liability, the legislature sought to balance two concepts: (1) it recognized the inherently unfair and inequitable results which occur in the strict application of sovereign immunity; and (2) it recognized a need to provide for some immunity because "the government should not have the duty to do everything that might be done." § 41–4–2(A); *see also Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980). Limitations were imposed on an individual's right to sue for the negligent or intentional wrongful acts of governmental actors. Thus, the Act is in derogation of one's common law right to sue and is to be strictly construed. *Methola; see generally State, ex rel. Miera v. Chavez*, 70 N.M. 289, 373 P.2d 533 (1962).

The New Mexico Supreme Court has held that "[t]he right to sue and any recovery under the New Mexico Tort Claims Act is limited to the rights, procedures, limitations and conditions prescribed in the Act." *Methola*, 95 N.M. at 334, 622 P.2d at 239. Unless the specific procedures outlined in the Act have been followed, plaintiff's claim must fail.

Section 41–4–15 provides in relevant part:

> A. Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death * * *

The plain language of this statute indicates when the period of limitations begins to run. *Aragon & McCoy v. Albuquerque National Bank*, 99 N.M. 420, 659 P.2d 306 (1983). There is no dispute between the parties as to the date of the occurrence. The trial court, in denying defendants' motion for summary judgment, found that the two-year limitation period of Section 41–4–15 was tolled as to defendants APD and BCDC.

Defendants contend that a strict construction of the Act's limitation period is mandated and that such a construction forbids the trial court's application of the savings provision of NMSA 1978, Section 37–1–14. Defendants further assert that the principles of equitable tolling urged upon this court by plaintiff do not afford this court an opportunity to mitigate the harsh results of the federal court's dismissal.

Plaintiff contends that the state lawsuit is not barred by the Tort Claims Act and relies on alternative theories: first, plaintiff argues that Section 37–1–14 grants him a six-month grace period after the federal court's dismissal within which to file suit; secondly, plaintiff argues that if Section 37–1–14 is inapplicable, then the appellate court should rule that the Tort Claims Act statute of limitations was subject to the concept of equitable tolling and that the claim should, therefore, not be dismissed. Finally, plaintiff argues that the limitation period was tolled during the pendency of

the prior state tort claim action in federal court.

## LIMITATION OF ACTIONS, SECTION 37–1–14

NMSA 1978, Section 37–1–14, provides:

If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

Plaintiff characterizes the federal court's sua sponte refusal to assert pendent jurisdiction over plaintiff's state claims as a failure contemplated by Section 37–1–14. Plaintiff maintains that his refiling in state court within six months should, accordingly, save the cause of action from the bar of the two-year limitation period contained in the Tort Claims Act. Plaintiff's argument does not withstand judicial scrutiny and must be rejected. We note a second statute contained in the Chapter 37 "Limitation of Actions" that confirms our conclusion. Section 37–1–17 provides:

None of the preceding provisions of this chapter shall apply to any action or suit, which by any particular statute of this state, is limited to be commenced within a different time, nor shall this chapter be construed to repeal any existing statute of the state which provides a limitation of any action; but in such cases the limitation shall be as provided by such statutes.

 This statute indicates that the preceding statute upon which plaintiff relies, Section 37–1–14, has no applicability when a specific statute creates a different time within which to file suit, or provides a specific limitation period. Such is the case here. Section 41–4–15 does indeed provide a specific period within which to commence an action against governmental entities. Thus, the general provisions discussed in Section 37–1–14 are inapplicable to the Tort Claims Act. There exists a second reason for rejecting plaintiff's statutory argument. Specifically, the same argument has twice been turned aside in analogous situations.

In *Perry v. Staver,* 81 N.M. 766, 473 P.2d 380 (Ct.App.1970), plaintiff sought to revive, under the predecessor statute to Section 37–1–14, a previously dismissed wrongful death action. The court, citing to the predecessor to Section 37–1–17, refused to accept the argument that the general savings provision applied to a wrongful death action. The court noted:

The New Mexico Wrongful Death Act creates a cause of action which did not exist at common law. The limitation provisions thereof are not only a limitation on the remedy, but also on the right to institute such an action.

*Perry,* 81 N.M. at 768–69, 473 P.2d at 382–83 (citations omitted).

The court's discussion of rights and procedures under the Wrongful Death Act is similar to the court's later discussion of rights and procedures under the Tort Claims Act. *See Methola v. County of Eddy* at 334, 622 P.2d 234.

Again in 1979, this court rejected the same revival argument advanced by plaintiffs in *Ortega v. Shube,* 93 N.M. 584, 603 P.2d 323 (Ct.App.1979). Plaintiffs in *Ortega* brought actions under the Workmen's Compensation Act, NMSA 1978, Section 52–1–1 to –69, and the New Mexico Occupational Disease Disablement Law, NMSA 1978, Sections 52–3–1 to –59. Both claims were dismissed, and plaintiffs filed a second lawsuit, relying on the provisions of Section 37–1–14 and claiming that the second action was a continuation of the previously dismissed lawsuit. Plaintiff failed to persuade the appellate court that his argument was meritorious. In rejecting the plaintiff's position, the court quoted the New Mexico Supreme Court's decision in *Swallows v. City of Albuquerque,* 61 N.M. 265, 266, 298 P.2d 945, 946–47 (1956).

Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as the remedy,

and in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations.

The court noted that the Workmen's Compensation Act and Occupational Disablement Law each had specific one-year limitation periods and neither had qualifying provisions or savings clauses. Consistent with the decision in *Perry*, the court rejected plaintiff's argument. In the case before us, because we do not find support for plaintiff's argument in state statutes or case law, we are compelled to reject his position.

**WHETHER THE STATUTE OF LIMITATIONS WAS TOLLED DURING THE PENDENCY OF THE FEDERAL PROCEEDINGS; WHETHER THE STATUTE OF LIMITATIONS SHOULD BE SUBJECT TO EQUITABLE TOLLING PROVISIONS**

Plaintiff states that his complaint is timely because the limitation period of the Tort Claims Act was tolled while plaintiff's claim was pending in federal court. Support for plaintiff's view can be found in Judge Sutin's eloquent dissenting opinion in *Ortega*. Judge Sutin argued that plaintiff's claims in *Ortega* were not barred by the applicable statutes of limitation because "commencement" of an action tolls the running of the statutory period. The dissent notes that injured workmen should not "suffer the pangs of outrageous misfortune because their lawyers did not protect their rights * * *." *Id*. 93 N.M. at 589, 603 P.2d 323. The dissent urged the adoption of a rule which would allow the tolling of an action while the matter was pending in another forum when plaintiffs had substantially complied with the applicable limitation periods and no prejudice to defendant's rights could be shown from a failure to strictly comply with statutory periods. We are mindful, however, that the dissenting opinion speaks of how the law ought to be rather than how it is.

The majority opinion cited the explicit rule in *Swallows v. City of Albuquerque;* if the claim is not filed within the statutory period, it is barred. The *Swallows* court noted, "If one does not protect himself and his rights under the law as written it is his misfortune * * *." *Swallows*, 61 N.M. at 266–67, 298 P.2d at 947.

Judge Sutin was critical of this approach, but noted that multiple opportunities had been afforded the state legislature, since the decision in *Swallows*, to amend what may be viewed as a harsh provision of the law. The legislature has not acted.

Plaintiff urges this court to adopt Judge Sutin's reasoning in this case, but cites this court to no supporting authority for its argument. In fact, plaintiff directs this court to *King v. Lujan*, 98 N.M. 179, 646 P.2d 1243 (1982), where the New Mexico Supreme Court held that a dismissal without prejudice for failure to prosecute, "operates to leave the parties as if no action had been brought at all." *Id*. at 181, 646 P.2d 1243. Plaintiff reasons that because there was no failure to prosecute in this case, the statute of limitations was tolled during the pendency of this suit in federal court. This is contrary to the established rule in federal and state courts. *See Dupree v. Jefferson*, 666 F.2d 606 (D.C.Cir. 1981); *Diebold Contract Services v. Morgan Driveaway, Inc.*, 95 N.M. 9, 617 P.2d 1330 (Ct.App.1980). In *Diebold*, this court quoted the "correct rule" contained in 51 Am.Jur. Limitations of Actions, § 311:

> In the absence of statute, a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice to him.

*Diebold*, 95 N.M. at 12, 617 P.2d at 1333.

We believe that the rule enunciated in *Diebold* and *Lujan* applies to the circumstances of plaintiff's case. There is no savings provision in the Tort Claims Act and no provision that would toll the running of the statute during the pendency of plaintiff's appeal in another forum.

If relief in law is to be denied, plaintiff urges the adoption of a principle of equitable tolling and notes that California, under limited circumstances, has utilized this principle to toll the running of statutes of limitation. *Nichols v. Canoga Industries*, 83 Cal.App.3d 956, 148 Cal.Rptr. 459 (1978); *see also Collier v. City of Pasadena*, 142 Cal.App.3d 917, 191 Cal.Rptr. 681 (1983). The "core requirements" of equitable tolling are: (1) timely notice to defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim. *Collier*, 142 Cal.App.3d at 924, 191 Cal. Rptr. at 685. At first glance, plaintiff's case would appear to meet the requirements. However, an examination of the basis for equitable tolling in California decisions removes this case from the ambit of the doctrine.

In *Addison v. State*, 21 Cal.3d 313, 146 Cal.Rptr. 224, 578 P.2d 941 (1978), a case quite similar to this one, plaintiffs filed both federal and state claims (under the California Tort Claims Act) in federal district court. After defendants moved to dismiss the federal action for lack of jurisdiction and after the expiration of the six-month limitation period, plaintiffs filed their claim in state court. The federal suit was dismissed shortly thereafter without prejudice. The trial court sustained defendant's demurrer to the state action on statute of limitations grounds. On appeal, the *Addison* court reversed, asserting that while the limitation period for governmental tort claims was "mandatory and must be strictly complied with * * *," *id.* 146 Cal.Rptr. at 225, 578 P.2d at 942, application of the doctrine of equitable tolling was not precluded when "the harsh impact of technical rules * * * might otherwise prevent a good faith litigant *from having a day in court.*" *Addison*, 21 Cal.3d at 316, 146 Cal.Rptr. at 225, 578 P.2d at 942 (emphasis added). This notion of "technical forfeitures [which] unjustifiably prevent a trial on the merits," pervades the cases applying the doctrine of equitable tolling.

*See Bollinger v. National Fire Ins. Co.*, 25 Cal.App.2d 399, 410, 154 P.2d 399, 405 (1944). In *Addison*, the court struck a balance in favor of permitting plaintiff's state claim so that plaintiff would not be denied a hearing. In the case at bar, plaintiff had a hearing on the merits of the federal claims against these defendants in federal district court, and an appeal to the 10th Circuit Court of Appeals. There is no "technical forfeiture," no denial of plaintiff's day in court. Thus, on the facts of this case, we do not reach the issue of the applicability of the doctrine of equitable tolling in New Mexico and simply hold that plaintiff's cause of action is time-barred by Section 41-4-15.

We recognize plaintiff's dilemma in a case such as the one before this court. The Constitution and the Civil Rights Act of 1871 guarantee litigants a federal forum in which to vindicate federal rights. *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *England v. Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Yet, state claims arising out of the same event may or may not be heard by the federal bench based on the court's discretion and a rapidly shifting set of federal precedents. *See e.g. Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Wojciechowski v. Harriman*, 607 F.Supp. 631 (D.C.N.M.1985). Thus, plaintiffs are faced with the choice of splitting their cause of action and filing in both federal and state court with the attendant greater costs, duplication of effort and collateral estoppel-res judicata problems, *see Allen v. McCurry;* waiving their right to a federal forum by filing in state court; or filing all claims in federal court with the attendant risk that the federal court will, in the exercise of its discretion, dismiss the pendent claims. 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

There is some indication that the particular harshness of this result may cause the federal judiciary to refrain from dismissals

of state claims on which the statute has run. *See Emory v. Peeler,* 756 F.2d 1547 (11th Cir.1985) (abuse of discretion for a district court to dismiss a pendent claim which becomes time-barred while court has it under consideration).

Under the facts of this case, we cannot extend plaintiff's time for filing beyond the two-year limitation period of the Act. We can, and do recommend a vigilant and wary aspect on plaintiff's part when pursuing state and federal remedies in federal court.

**CONCLUSION**

In sum, we have determined that plaintiff's state lawsuit was filed more than two years from the date of occurrence, contrary to the limitation period specified in Section 41–4–15; we have further determined that Section 37–1–14 is not applicable to the Tort Claims Act and may not serve as a method of extending the specific time period prescribed by the Act. We have determined that principles of equitable tolling do not apply under the circumstances of this case and have concluded that plaintiff's claim is limited to the rights, procedures, limitations and conditions prescribed in the Tort Claims Act.

The limitation period for plaintiff's action was not tolled during the pendency of plaintiff's suit in federal court. Because plaintiff failed to file his action within the time frame specified in the Act, we determine that plaintiff's claim is barred. The trial court erred in failing to dismiss this lawsuit as time-barred under Section 41–4–15. We reverse.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.