753 P.2d 892

**GATHMAN–MATOTAN ARCHITECTS & PLANNERS, INC., a New Mexico corporation, Plaintiff–Appellant,**

v.

**STATE of New Mexico, DEPARTMENT of FINANCE and ADMINISTRATION, PROPERTY CONTROL DIVISION, Defendant–Appellee.**

No. 17277.

Supreme Court of New Mexico.

March 7, 1988.

Rehearing Denied May 11, 1988.

Paul A. Phillips, Albuquerque, for plaintiff-appellant.

Hal Stratton, Atty. Gen., Bruce Charles, Asst. Atty. Gen., Santa Fe, for defendant-appellee.

**OPINION**

SOSA, Senior Justice.

**FACTS**

On May 7, 1984 plaintiff, Gathman–Matotan Architects & Planners, Inc., filed an action for breach of contract in the district court of Santa Fe County. Defendant filed its answer on June 8, 1984 and demanded a jury trial on June 12, 1984. On April 16, 1987 plaintiff requested a hearing on the merits. On April 30, 1987 defendant filed a response to plaintiff's request for a hearing, arguing that a trial should not be set because the parties were not prepared, since neither party had conducted discovery or filed pretrial motions. Notwithstanding defendant's opposition to plaintiff's request for a hearing, the trial court advised both counsel by letter that the matter would be set for trial. His letter stated:

> I have reviewed the Plaintiff's request for hearing on the merits and the State's response thereto. I am frankly surprised that this case survived my annual purge of inactive cases but now that the case has awakened from its slumbers, I think it appropriate to set it for trial.

On May 8, 1987 the court filed a notice of hearing, setting the case for trial on November 16, 1987 with a pretrial conference set for August 6, 1987. On this same date, defendant filed a motion to dismiss, supported by memorandum and copies of certificates of service of interrogatories and a request for production of documents previously sent to plaintiff. Plaintiff submitted a memorandum in opposition to the motion to dismiss. On July 8, 1987 the trial court dismissed the case pursuant to Local Rule 43, based on the inherent power of the court to dismiss stale cases. Plaintiff filed a motion for reconsideration and to reinstate the case, both of which the court denied.

**THE COURT'S INHERENT POWER TO DISMISS**

The trial court's July 8 order of dismissal states in part:

> THIS MATTER came before the court upon the Defendant's Motion to Dismiss for want of prosecution. The Plaintiff timely responded in opposition thereto. After careful review of the Motion, Response and Record, the court finds that the Plaintiff took no action whatsoever in this case except to file a Complaint on May 7, 1984 and a Request for Hearing on May 8, 1987. The court further finds

that the matter should be dismissed pursuant to Local Rule 43 * * * *

On the same date the trial judge sent a letter to both counsel, which stated in part:

Thank you for your presentations on the Defendants' [sic] Motion to Dismiss for lack of prosecution. Because the Motion and Response thereto are clear and comprehensive, the court finds no necessity for hearing in order to properly resolve the matter.

Pursuant to Local Rule 43 and the inherent power of the court, I find that there has been no activity in this case for nearly three years and, therefore, dismiss it. Under that rule, the Plaintiff may seek to reinstate the case, but, in my view, must offer a better reason than it has provided so far.

The First Judicial District Rule 43, *Dismissal of Cases* states in pertinent part:

(b) If an examination of the court file shows that no substantial activity has occurred in the action of a period of six (6) months or more, the action will be dismissed for lack of prosecution upon the following procedure:

1. the court shall issue an Order to Show Cause why the action should not be dismissed; and

2. the parties shall have ten (10) days within which to respond, in person or in writing, as the court may determine.

Rule 43 (1st Dist.1986), N.M.Loc. & Fed.R. Hnbk. (1987).

This rule gives the court authority to dismiss sua sponte a cause in which no substantial activity has occurred for a period of six months. It serves the purpose of controlling the court's docket and can be used by a trial judge upon his examination of open case files. Plaintiff is in error to argue that because of SCRA 1986, 1-041(E) the trial court was ousted of jurisdiction to exercise its inherent power to dismiss under Local Rule 43.

We have long recognized that a trial judge has the inherent power to dismiss cases for lack of prosecution independent of a rule or statute. *Smith v. Walcott*, 85 N.M. 351, 512 P.2d 679 (1973); *Southwest Underwriters v. Montoya*, 80 N.M. 107, 452 P.2d 176 (1969); *Foster v. Schwartzman*, 75 N.M. 632, 409 P.2d 267 (1965); *City of Roswell v. Holmes*, 44 N.M. 1, 96 P.2d 701 (1939); *Mora v. Hunick*, 100 N.M. 466, 672 P.2d 295 (Ct.App.1983). Recently we had occasion to decide another case involving this same issue, *Jimenez v. Walgreens Payless and the Travelers Insurance Company*, 106 N.M. 256, 741 P.2d 1377 (1987). Plaintiff relies on this case as support for the proposition that a motion filed under SCRA 1986, 1-041(E) takes precedence over a local rule of court, so that a trial court attempting to dismiss a case under a local rule must abide strictly by the requirements of SCRA 1986, 1-041(E) before it can properly dismiss a case. We did not say this in *Jimenez.*

In *Jimenez* the major error committed by the court was its failure to adhere to the requirements of either SCRA 1986, 1-041(E) or Local Rule 43 by affording the aggrieved party a hearing. This was an especially egregious error when one considers that the local rule specifically mandates a hearing. In the case before us, on the other hand, the trial court avoided this error by giving the parties opportunity for a hearing on defendant's motion to dismiss, and specifically left open the possibility of plaintiff's filing a motion to reinstate the case. We thus conclude that the trial court did not err in applying its inherent power to dismiss plaintiff's case under Local Rule 43. Consequently, we affirm the decision of the trial court.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and STOWERS, J., concur.