787 P.2d 411

GATHMAN–MATOTAN ARCHITECTS AND PLANNERS, INC., a New Mexico corporation, Plaintiff–Appellant,

v.

STATE of New Mexico, DEPARTMENT OF FINANCE AND ADMINISTRATION, PROPERTY CONTROL DIVISION, Defendant–Appellee.

No. 18361.

Supreme Court of New Mexico.

Feb. 6, 1990.

As Amended on Denial of Rehearing March 7, 1990.

Paul A. Phillips, Albuquerque, for plaintiff-appellant.

Hal Stratton, Atty. Gen., Bruce Charles, G.T.S. Khalsa, Asst. Attys. Gen., Santa Fe, for defendant-appellee.

## OPINION

MONTGOMERY, Justice.

New Mexico law permits suits against the state for breach of contract, but provides a fairly short statute of limitations (two years) on such claims. NMSA 1978, § 37–1–23(B). In 1984, plaintiff brought such an action against the Department of Finance and Administration (DFA) a few days before the statute ran, and then took no sufficient action to prosecute its claim until the district court dismissed it without prejudice for failure to prosecute. On appeal to this Court, the dismissal was upheld as an exercise of the inherent power of the court to dismiss stale cases. *Gathman–Matotan v. State*, 107 N.M. 113, 753 P.2d 892 (1988).

While the appeal was pending, plaintiff filed a second complaint, identical to the first, contending that the statute of limitations did not bar a new action because it was a continuation of the first and that the statute had been tolled during the pendency of the first action, which was still on appeal. Unpersuaded by these contentions, the district court dismissed the second suit as well, this time with prejudice, holding that the statute of limitations had run. Plaintiff appeals, and we affirm.

### I.

Plaintiff first attempts to invoke NMSA 1978, Section 37–1–14, which provides:

If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit is commenced within six months thereafter, the second suit shall, for the purposes herein contem-

plated, be deemed a continuation of the first.

Plaintiff argues straightforwardly that Section 37–1–23 does not bar its claim because this case was filed within six months after dismissal of the first case and the first was not dismissed for negligence in its prosecution. To this the DFA responds: (a) The first case was indeed dismissed for "negligence in its prosecution"; and (b) Section 37–1–14, which extends the statute of limitations for an additional six months, does not apply to breach of contract suits against the state under Section 37–1–23 because Section 37–1–17 makes 37–1–14 inapplicable to 37–1–23.

Section 37–1–17 reads:

None of the preceding provisions of this chapter shall apply to *any action or suit which, by any particular statute of this state, is limited to be commenced within a different time,* nor shall this chapter be construed to repeal any existing statute of the state which provides a limitation of any action; but in such cases the limitation shall be as provided by such statutes. (emphasis added)

Section 37–1–23(B) provides: "Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual." Therefore, under the express terms of Section 37–1–17, the limitations period is that provided in Section 37–1–23(B)—two years. Section 37–1–14 does not apply to lengthen this period. *See Estate of Gutierrez v. Albuquerque Police Dep't,* 104 N.M. 111, 114, 717 P.2d 87, 90 (Ct.App.) (Section 37–1–14 inapplicable to Tort Claims Act statute of limitations), *cert. denied,* 103 N.M. 798, 715 P.2d 71 (1986), *overruled on other grounds; Bracken v. Yates Petroleum Corp.,* 107 N.M. 463, 760 P.2d 155 (1988); *Ortega v. Shube,* 93 N.M. 584, 587, 603 P.2d 323, 326 (Ct.App.1979) (Section 37–1–14 inapplicable to Workmen's Compensation Act statute of limitations), *overruled on other grounds, Bracken v. Yates Petroleum Corp.; Perry v. Staver,* 81 N.M. 766, 769, 473 P.2d 380, 383 (Ct.App.1970) (Section 37–1–14 inapplicable to Wrongful Death Act statute of limitations).

This holding is sufficient to thwart plaintiff's attempt to invoke Section 37–1–14. Nevertheless, we shall briefly consider plaintiff's contention that its earlier suit was not dismissed "for negligence in its prosecution."

■ Plaintiff's argument on this point is that there is a difference between a dismissal for failure to prosecute and a dismissal for negligence in prosecution, and that in order for the exception in Section 37–1–14 to apply there must be some sort of finding, by some court, of negligence causing the dismissal. Since no express finding on this score has ever been made with respect to plaintiff's prosecution of the earlier suit, the argument runs, the court below could not properly apply the exception in Section 37–1–14. As support for the asserted distinction between a dismissal for failure to prosecute and a dismissal for negligence in prosecution, plaintiff cites *Benally v. Pigman,* 78 N.M. 189, 429 P.2d 648 (1967).

We find plaintiff's proffered distinction to be without merit. It is true that in *Benally* the Court drew a distinction between the two defendants with respect to the circumstances surrounding the dismissal of the first case as to each of them. We noted that the trial court had expressly found that the dismissal as to defendant Rudder was accompanied by a finding of negligence in prosecution, whereas the dismissal as to defendant Pigman was based on no such finding, even though both dismissals apparently were entered on the court's own motion for failure to prosecute. In dictum, this Court said that the second suit, which was initiated within six months after dismissal of the first suit, was, insofar as Pigman was concerned, "a continuation thereof and not barred by the Statute of Limitations." 78 N.M. at 193, 429 P.2d at 652.

Thus, while plaintiff's suggested distinction between a dismissal for failure to prosecute and a dismissal for negligence in prosecution finds some support in a previous decision of this Court, that distinction defies common sense and would contravene the purpose of the exception provided in Section 37–1–14. The statute is a tolling statute, which operates to suspend the run-

ning of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed, except when the dismissal is based on a failure to prosecute the action with reasonable diligence. In the recent case of *United States Fire Ins. Co. v. Aeronautics, Inc.*, 107 N.M. 320, 322, 757 P.2d 790, 792 (1988), we commented that Section 37–1–14

> provides that the statute of limitations on a cause of action is tolled if a new suit setting forth essentially the same cause of action between the same parties is commenced within six months after a dismissal *except when the dismissal was based on the plaintiff's failure to pursue his claim.* (emphasis added)

This dictum, contrary to the dictum in *Benally*, indicates that a dismissal for failure to prosecute is functionally the same as a dismissal for negligence in prosecution.

## II.

■ Apparently cognizant of the foregoing difficulties with its position that Section 37–1–14 should permit its second suit to be treated as a continuation of the first suit, plaintiff seeks to invoke a nonstatutory tolling theory which would suspend the limitations period in Section 37–1–23(B) during the pendency of plaintiff's first suit, including the subsequent appeal. This nonstatutory tolling theory is the same as, or similar to, the "equitable tolling" principle discussed in *Estate of Gutierrez*, 104 N.M. at 116, 717 P.2d at 92. In that case, the court of appeals ruled, as we do in this case, that Section 37–1–14 did not extend a special statute of limitations (specifically, the two-year limitations period under the Tort Claims Act) and that an "equitable tolling" doctrine also would not avoid the bar of the statute. In *Gutierrez* the first action had been filed in federal court as a pendent claim to a civil rights suit; when the pendent claim was dismissed without prejudice, the claimant's attempt to refile in state court was dismissed because the statute had run. Speaking for the court, Judge Garcia noted the harshness of a rule which refuses to interrupt the running of the statute when the claim is asserted in another court, but felt constrained by *Swallows v. City of Albuquerque*, 61 N.M.

265, 266, 298 P.2d 945, 946–47 (1956), and *Diebold Contract Services, Inc. v. Morgan Drive Away, Inc.*, 95 N.M. 9, 617 P.2d 1330 (Ct.App.1980) (quoting 51 Am.Jur. *Limitations of Actions* § 311) to apply the law as "it is" rather than as it "ought to be." *Gutierrez*, 104 N.M. at 115, 717 P.2d at 91.

In *Bracken v. Yates Petroleum Corp.* this Court overruled *Gutierrez, Diebold,* and *Ortega* to the extent that those cases enunciate a rule which would refuse to toll the statute of limitations on a claim asserted in a case dismissed for improper venue. Although not expressly considering a nonstatutory doctrine such as the "equitable tolling" principle discussed in *Gutierrez,* the Court in *Bracken* clearly applied the principle that, contrary to *Swallows* and Am.Jur., the filing of an action later dismissed without prejudice for reasons such as improper venue or a federal court's discretionary refusal to entertain pendent jurisdiction tolls the statute of limitations applicable to the claim. *See Bracken,* 107 N.M. at 465–66, 760 P.2d at 157–58.

Plaintiff argues that, since *Bracken v. Yates Petroleum Corp.* overruled not only *Gutierrez, Diebold,* and *Ortega,* but also "any precedent of this Court [which] enunciates a different rule," 107 N.M. at 466, 760 P.2d at 158, cases like *Swallows* and *King v. Lujan,* 98 N.M. 179, 646 P.2d 1243 (1982) have also "met their well-deserved demises." While *Swallows* does indeed appear to have expired, the same is not necessarily true of *King v. Lujan.* In that case, this Court held that an action dismissed without prejudice for failure to prosecute did not interrupt the running of the statute of limitations. In so holding, the Court did not throughout its opinion uniformly characterize the dismissal without prejudice in that case as having been based on a failure to prosecute. In saying that "a dismissal without prejudice operates to leave the parties as if no action had been brought at all," 98 N.M. at 181, 646 P.2d at 1245, the Court was perhaps speaking more broadly than the occasion required. The opinion in *Bracken* may indeed modify the broad rule which might otherwise be read to flow from *King v. Lujan.*

However, based on the facts in *King* and the Court's reference, at least twice in the

opinion, to the dismissal as one "for lack of prosecution," it is clear that plaintiff's reading of *King* is too broad and that the narrower rule which emerges from the case is still good law. That rule is this: Where an action is dismissed without prejudice because of a failure to prosecute, the action will be deemed not to interrupt the running of an otherwise applicable statute of limitations, and a subsequent suit filed on the same claim as the first after the statute has run will be barred.

*King v. Lujan* recognizes the general principle that the filing of a complaint ordinarily tolls the applicable limitations period. *Id.* at 180, 646 P.2d at 1244, citing *Prieto v. Home Educ. Livelihood Program,* 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980). In this respect, New Mexico has adopted an "equitable" or nonstatutory tolling principle alongside the statutory tolling provisions in NMSA 1978, Sections 37–1–14, 37–1–9 and 37–1–12. This nonstatutory tolling doctrine, however, should be subject to the same exception or limitation as applies in the statutory situations: Where an action is dismissed for failure to prosecute (negligence in its prosecution), the limitations period will not be interrupted. As we said in *King* in language fully applicable to the claim asserted by plaintiff in the present case:

> A plaintiff who files near the end of the limitations period benefits from being able to prosecute his claim after the period has expired, but if he fails to take advantage of that opportunity, and suffers dismissal for failure to prosecute, there is no reason to let him have an extended period in which to sue.

98 N.M. at 181, 646 P.2d at 1245.

The district court's order dismissing plaintiff's complaint with prejudice is affirmed.

IT IS SO ORDERED.

BACA and WILSON, JJ., concur.