603 P.2d 323

**Ernest ORTEGA et al.,**
**Plaintiffs-Appellants,**

**v.**

**Richard L. SHUBE and Transamerica**
**Insurance Company,**
**Defendants-Appellees.**

**No. 3959.**

Court of Appeals of New Mexico.

Oct. 16, 1979.

Anita P. Miller, McCulloch, Grisham & Lawless, P.A., Albuquerque, for appellants.

Kathleen Davison Lebeck, Civerolo, Hansen & Wolf, P.A., Albuquerque, for appellees.

## OPINION

LOPEZ, Judge.

Plaintiffs appeal a summary judgment against them granted by the district court in a case brought under the Workmen's Compensation Act, §§ 52–1–1 to 52–1–69, N.M.S.A.1978 and the New Mexico Occupational Disease Disablement Law, §§ 52–3–1 to 52–3–59, N.M.S.A.1978, hereafter referred to as the Occupational Disablement Law.

The issue on appeal is whether § 37–1–14, N.M.S.A.1978, which provides that a second suit may be deemed a continuation of a prior action, is applicable in workmen's compensation and occupational disablement cases.

Plaintiffs were employed by defendant Richard Shube from June to October, 1975. On July 20, 1976, plaintiffs filed suit requesting relief under the Occupational Disablement Law, the Workmen's Compensation Act, and with common law claims sounding in tort and products' liability. The district court dismissed the statutory claims without prejudice on December 23, 1976. Plaintiffs appealed to this court, and we dismissed the case on September 6, 1977, for lack of jurisdiction. *Ortega v. Transamerica Insurance Co.,* 91 N.M. 31, 569 P.2d 957 (Ct.App.1977). About three weeks after the district court dismissed their claims, plaintiffs filed a second suit, only alleging this time that they were entitled to compensation under the Workmen's Compensation Act and Occupational Disablement Law. Appellees moved for summary judgment, which was granted. The second suit was dismissed with prejudice by the district court on January 8, 1979, apparently because the statute of limitations had run before the suit was filed on January 13, 1977. Both the Workmen's Compensation Act and the Occupational Disablement Law have a one year statute of limitations. Sections 52–1–31 and 52–3–16, N.M.S.A.1978. Although first filed in July of 1976, the plaintiffs' statutory claims have not yet been heard on the merits.

Before turning to the issue in this case, we must consider appellees' contention that the order entered is not a final order, and so not appealable. Appellees maintain that summary judgment was not granted on all of the issues raised by appellants. They assert that appellants separately requested medical benefits and that this request was not mentioned in the summary judgment. This argument is without merit. Appellants never mentioned medical benefits in their complaint, but simply sought a determination of benefits under the Work-

men's Compensation Act and the Occupational Disablement Law. Summary judgment was entered, dismissing with prejudice both claims for benefits. Summary Judgment is a final order. *Pederson v. Lothman,* 63 N.M. 364, 320 P.2d 378 (1958), and final orders are appealable. N.M.R.Civ. App. 3(a)(1), N.M.S.A.1978. This suit is properly before us.

■ Appellants argue that § 37–1–14, a general continuation of actions statute, is applicable in workmen's compensation cases. That section states:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

This section is part of Laws 1880, ch. 5. The 1880 statute contains several sections providing time periods within which certain designated claims may be brought, but none of these relate to workmen's compensation or occupational disablement. Yet, but for another section of the 1880 law, § 37–1–14 would apply to cases brought under the Workmen's Compensation Act and Occupational Disablement Law. The other pertinent section of the 1880 statute is § 37–1–17, N.M.S.A.1978, which states:

> None of the preceding provisions of this chapter shall apply to any action or suit which, by any particular statute of this state, is limited to be commenced within a different time, nor shall this chapter be construed to repeal any existing statute of this state which provides a limitation of any action; but in such cases the limitation shall be as provided by such statutes.

The Workmen's Compensation Act provides a one year limitation on the commencement of an action.

> * * * [I]t is the duty of the workman insisting on the payment of compensation to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation. . . . . [I]f the workman fails to file a claim for compensation within the time required by this section, his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred.

Section 52–1–31(A), N.M.S.A.1978. A similar provision is found in the Occupational Disablement Law. Section 52–3–16(A) and (B), N.M.S.A.1978.

While the issue of whether § 37–1–17 bars § 37–1–14 from application in workmen's compensation cases has not been decided previously, the Supreme Court has said that the statute of limitations of the Workmen's Compensation Act, quoted above, must be strictly construed.

> Where a statute grants a new remedy, and at the same time places a limitation of time within which the person complaining must act, the limitation is a limitation of the right as well as the remedy, and in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations.

*Swallows v. City of Albuquerque,* 61 N.M. 265, 266, 298 P.2d 945, 946–47 (1956). In *Swallows,* the Court held that the statute of limitations in the Workmen's Compensation Act is not tolled by the adjudication and appeal of an initial claim under the Act which fail due to a technicality. The same result was reached in *Fresquez v. Farnsworth & Chambers Co.,* 238 F.2d 709 (10th Cir. 1956). While the federal district court in that case noted the existence of the general continuation of actions statute in New Mexico, it held that the one year statute of limitations in the Workmen's Compensation Act barred a second suit begun after the expiration of that year.

Section 37–1–17 prevents the other provisions of the 1880 law from applying to wrongful death actions. *Natseway v. Jojola,* 56 N.M. 793, 251 P.2d 274 (1952); *Perry v. Staver,* 81 N.M. 766, 473 P.2d 380 (Ct. App.1970). In *Perry,* this court held the general continuation of actions statute,

§ 37–1–14 (then codified as § 23–1–14, N.M. S.A.1953) was rendered ineffective by § 37–1–17 (formerly § 23–1–17, N.M.S.A.1953) in wrongful death suits. This result was necessitated by the existence of a specific statute of limitations in the Wrongful Death Act, § 41–2–2, N.M.S.A.1978 (formerly § 22–20–2, N.M.S.A.1953). Since there was no saving clause in the Wrongful Death Act which would allow the statute of limitations to be extended, § 37–1–14 could not be used in wrongful death actions.

We hold that § 37–1–17 prohibits § 37–1–14 from applying in workmen's compensation and occupational disablement cases. Both the Workmen's Compensation Act and the Occupational Disablement Law contain specific statutes of limitations, §§ 52–1–31 and 52–3–16 supra. Neither act provides a saving clause allowing for an extension of the specified time limit for filing a claim. The court is powerless to change the plain meaning of the statutes.

 * * * [T]he courts cannot provide a saving clause or create an exception where the statute contains none.

*Natseway, supra* at 798, 251 P.2d at 277.

The one year time period within which a claim must be brought under the Workmen's Compensation Act and the Occupational Disablement Law had elapsed by the time plaintiffs instituted this second suit on January 13, 1977. Because this time period is not extended by the general continuation of actions statute, the trial court correctly granted summary judgment dismissing the complaint. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A.1978, *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

■■ Although the issue of the propriety of the trial court's dismissal without prejudice of the workmen's compensation and occupational disablement claims in the first case is not at issue on this appeal, we believe it appropriate to point out that our opinion in the first appeal, 91 N.M. 31, 569 P.2d 957, *supra*, did not reach the merits because there was no appealable order. We believe it is also appropriate to state that the district court proceeded incorrectly. Under Rule 18 of the New Mexico Rules of Civil Procedure, N.M.S.A.1978, plaintiffs had a right to join all of the claims arising out of their alleged injuries. *Cf. Sentry Insurance Co. v. Gallegos*, 87 N.M. 249, 531 P.2d 1222 (Ct.App.), *cert. denied*, 87 N.M. 239, 531 P.2d 1212 (1975) (allowing defendant-employee to counterclaim against plaintiff-employer for workmen's compensation benefits). N.M.R.Civ.P. 21, N.M.S.A.1978 permits multiple claims to be severed. The trial court erred in dismissing the statutory claims without prejudice in the first suit, when it merely should have severed them from the other claims. See dissent of Judge Sutin in the first appeal, 91 N.M. 31, *supra*, at 34, 569 P.2d at 960. The lengthy delay in hearing the merits of plaintiffs' case would have been avoided; and the intent of the workmen's compensation laws to adjudicate claims quickly, as evidenced by the short statutes of limitations in the Workmen's Compensation Act and the Occupational Disablement Law, would have been furthered.

Based upon the discussion concerning appellants' second suit, the only case now before us, the judgment of the trial court is affirmed.

IT IS SO ORDERED.

WOOD, C. J., concurs.

SUTIN, Judge (dissenting).

I dissent.

When workmen file claims for Workmen's Compensation and Occupational Disease benefits within the limitation period, and the claims flounder in the district and appellate courts for over three years and lose their way, our duty is not to rely upon the obvious erroneous legal argument relied upon by the workmen's attorneys. Our duty is to search for a viaduct over which workmen can walk into the courtroom to seek a determination of their claims on the merits.

Plaintiffs were employed by defendant from June to October, 1975. Their claims

were barred if suit was not filed by October, 1976. Sections 52–1–31(A) and 52–3–16, N.M.S.A.1978.

On *July 20, 1976*, within the statutory time, plaintiffs filed amorphous claims under the Workmen's Compensation Act and the Occupational Disease Act. *See, Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 569 P.2d 957 (Ct.App.1977), Sutin, J., dissenting. Any competent attorney knows how to draw a simple compensation claim. These claims were dismissed "without prejudice" on *December 23, 1976*, after the statutory period had passed. Plaintiffs filed *the present action* on January 13, 1977. However, plaintiffs appealed the judgment.

*The first claims* were filed within the statutory period. When these claims were filed, the statutory period of limitation was tolled during their pendency since commencement of an action arrests the running of the applicable statutory period. When plaintiffs' claims were dismissed without prejudice on December 23, 1976, they were not dismissed because the district court was without power to adjudicate the claims, but solely for the reason the claims were improperly stated and were joined with other common law claims and with one of products liability; that non-jury claims could not be joined with jury claims. The statutory period was tolled from July 20, 1976 to December 23, 1976, a period of five months thereafter. The claims filed on January 13, 1976 were not untimely.

"The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claims on the part of an employee where he fails to bring his suit within the fixed period." When none of the foregoing reasons for barring plaintiffs' claims covered the lapse of the statutory period, a second proceeding brought in a court of competent jurisdiction would prevent the running of the ordinary statute of limitations or the statutory period. The conclusion is that plaintiffs substantially complied with the statutes so as to keep alive their claims up to the time the claims were filed the second time, notwithstanding more than one year elapsed from the date of the accident to the date of filing the claims. *Harris v. Traders and General Ins. Co.*, 200 La. 445, 8 So.2d 289 (1942); *Nini v. Sanford Brothers, Inc.*, 276 So.2d 262 (La.1973); *Jarka v. Falleen Drop Forge Company*, 352 Mich. 620, 90 N.W.2d 699 (1958). This rule is not applicable when a workman's attorney voluntarily dismisses the claim. *DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501 (Minn.1977). It has also been held that an employer waives the applicability of the statutory period by failure to file and submit a Form 7 settlement agreement for approval. *Apple v. State Insurance Fund*, 540 P.2d 545 (Okla.1975).

Furthermore, plaintiffs' first claims were dismissed by this Court on September 6, 1977. The period during which the statute is tolled includes the time consumed in an appeal. *Myers v. County of Orange*, 6 Cal. App.3d 626, 86 Cal.Rptr. 198 (1970); *Board of Ed. of Miami Trace Local Sch. Dist. v. Marting*, 185 N.E.2d 597 (Ohio Com.Pl. 1962); *Ripley v. Bank of Skidmore*, 355 Mo. 897, 198 S.W.2d 861 (1947). The statutory period was tolled from the date of the judgment until determined on September 6, 1977.

The statutory limitation period had not expired on the original claim.

To preserve plaintiffs' rights, how simple it would have been for plaintiffs to obtain consent of the court to file an amended claim, limited to Workmen's Compensation and Occupational Disease benefits. The other six counts, if meritorious, could have been re-filed as a separate action within the limitation period. How simple it would have been to request a severance.

In the present appeal, how simple it would be to declare that the fixed statutory period had not expired.

In *Swallows v. City of Albuquerque*, 61 N.M. 265, 298 P.2d 945 (1956), plaintiff's claim was prematurely filed. On appeal, the claim was dismissed. Thereafter, the workman commenced a new action. The court held that the new action commenced more than one year after failure or refusal of the employer to pay compensation was barred by limitations. *No claim had been filed within the statutory period.* In the course of the opinion, the court said:

> * * * *If one does not protect himself and his rights under the law as written it is his misfortune* * * *.* [Emphasis added.] .

To me, it is not judicious, wise, reasonable or fair to say that workmen themselves, unlearned in the law, must suffer the pangs of outrageous misfortune because their lawyers did not protect their rights prior to a hearing on the merits. Workmen protect their rights when they employ lawyers. The only alternative is to sue the lawyers for legal malpractice. This procedure has never been used, save once. The better way to protect workmen is to rule that when an appeal is taken upon a matter of law, the statutory limitation period is impliedly tolled. *Hoover v. Galbraith*, 7 Cal.3d 519, 102 Cal.Rptr. 733, 498 P.2d 981 (1972). We should not blindly allow a statutory period of limitation to be used as a sword rather than a shield against stale claims.

Some appellate judges believe that litigation should end when cases are appealed more than once; that the punishment should be inflicted upon the clients, not the lawyers; that justice is just a passing fancy when the rights of persons have been erroneously discharged. Statutes and rules of law are often rigidly followed because the function of the reviewing court is to see that justice is done according to law in the cases brought before it. The test for formal legal rationality should not be strict compliance with the law, but whether the determination made is fair and just according to law.

True, the legislature has been in regular session on many occasions since *Swallows* was decided and has not seen fit to amend the statute "for good and cogent reasons." *See, Selgado v. New Mexico State Highway Department*, 66 N.M. 369, 371, 348 P.2d 487 (1960). But this does not mean that appellate courts must "walk the plank" when relief can be found for workmen by application of concepts of "tolling" and "waiver."

To do "justice according to law" may be an "objective" mood that pervades one court and a "subjective" mood in another. But when the statute grants the right of workmen to assistance for the protection of families, we should not allow that right to be severed for the protection of an employer when none of the employer's rights have been prejudiced.

This case should be reversed.