OPINION FRY, Judge. {1} During a recreational church outing, Kevin Schultz (Worker) drowned while rescuing a child who had fallen into the Rio Grande near Pilar, New Mexico. At the time of his death, Worker was an off-duty police officer with the Pojoaque Tribal Police Department (Employer). Approximately fourteen months after Worker’s death, his widow, Cheryl Schultz, filed a workers’ compensation complaint for medical and survivor benefits against Employer and its insurer. The Workers’ Compensation Judge (WCJ) denied Mrs. Schultz’s claims, determining that the complaint was barred by the statute of limitations and that, even if the complaint had been timely filed, Worker’s death did not arise out of his employment. We affirm that part of the WCJ’s decision holding that Mrs. Schultz’s complaint was not timely filed and is therefore barred by the statute of limitations pursuant to NMSA 1978, Section 52-l-31(B) (1987), of the New Mexico Workers ’ Compensation Act (the Act), NM S A 1978, §§ 52-1-1 to -70 (1929, as amended through 2007). Given our disposition, we do not address whether Worker’s death arose out of and in the course of his employment. BACKGROUND {2} On August 17,2002, Worlcer took the day off from his job as a police officer in order to accompany his church youth group as a chaperone on a recreational outing near Pilar, New Mexico. Worker drove his personal vehicle to the outing. During the outing, one of the children fell into the Rio Grande, and Worker died while rescuing the child. An autopsy determined that the cause of Worker’s death was drowning. Worker’s death occurred off tribal land. Worker was not in uniform at the time of his death, but his badge, department-issued pager, and department-issued revolver were found in his possession. Worker was survived by his wife and a minor son. {3} On October 1, 2003, nearly fourteen months after Worker’s death, Mrs. Schultz filed a pro se workers’ compensation complaint for medical and survivor benefits on behalf of her deceased husband against Employer and its insurer, New Mexico Mutual Insurance Company. The complaint automatically entered into an internal mediation process pursuant to requirements of the Workers’ Compensation Administration (WCA). On December 19,2003, the mediator issued a recommended resolution that the complaintbe “dismissed without prejudice” so that Mrs. Schultz could seek attorney representation. The recommended resolution also gave Mrs. Schultz leave to immediately file an amended complaint. Specifically, the recommended resolution stated: [T]he Mediator asked the parties whether they were prepared to enter into settlement negotiations. [Mrs. Schultz] stated that she would be consulting an attorney prior to making any decisions about settlement. The Mediator recognizes that [Mrs. Schultz] has the right to have an attorney present at any stage in this case. It is the Mediator’s evaluation, however, that under the circumstances of this case, [Mrs. Schultz’s] attorney should be present during settlement negotiations for her consultation. Therefore, the Mediator recommends that the complaint. . . be dismissed without prejudice. [Mrs. Schultz] may immediately file an amended complaint with the accompanying documents required by this Administration. (Emphasis added.) Neither party filed a notice of acceptance or rejection of the recommended resolution, and the WCA generated a Notice of Completion on February 13, 2004. {4} On June 18, 2004, Mrs. Schultz, through her attorney, filed a second complaint for compensation benefits on behalf of Worker. The clerk’s office at the WCA gave the second complaint the same case number as the first complaint and, in addition to the filing date, included a “reopened” stamped date of June 18, 2004. Although nearly identical to the first complaint filed in October 2003, the second complaint included the following additional request by Mrs. Schultz: [Mrs. Schultz] requests modification of the Recommended Resolution [dated] December 19, 2003 [,] pursuant to [NMSA 1978,] Section 52-5-9 [1989,] for the reason that [Mrs. Schultz] has retained an attorney to represent her, the attorney will be available to consult with [Mrs. Schultz] during settlement negotiations, and it is no longer equitable that the recommended resolution ha[ve) prospective application. {5} In 2007, after mediation proved unsuccessful, Mrs. Schultz’s second complaint proceeded to a formal hearing before a WCJ. After a three-day hearing, the WCJ denied Mrs. Schultz’s claims on two grounds. First, the WCJ determined that Mrs. Schultz’s claims were barred because “[t]he statute of limitations ha[d] run without reasonable excuse or [without] misleading conduct on the part of Employer or Insurer.” Second, the WCJ found that even if Mrs. Schultz’s claims were not barred by the statute of limitations, “Worker’s accident did not arise out of his employment with Employer” because his accident “was not within the course and scope of his employment, and was not caused by a risk incident to his employment.” {6} This appeal followed. We initially dismissed the appeal due to a late filing of the notice of appeal. The Supreme Court reversed and remanded for us to consider the merits of this appeal. Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep’t, 2010-NMSC-034, ¶ 25, 148 N.M. 692, 242 P.3d 259 (concluding that Mrs. Schultz’s late filing of the appeal was excusable because it was due to an unanticipated mailing delay outside of her control). DISCUSSION {7} Mrs. Schultz raises two issues on appeal, arguing that the WCJ erred in determining that: (1) the statute of limitations barred her claims, and (2) Worker’s death did not arise out of and in the course of his employment with Employer. Because we conclude that the statute of limitations issue is dispositive here, we do not address whether Worker’s death arose out of his employment. 1. Statute of Limitations {8} Under the Act, the applicable statute of limitations provides: In case of the death of a worker who would have been entitled to receive compensation if death had not occurred, claim for compensation may be filed on behalf of his eligible dependents to recover compensation from the employer or his insurer. Payment may be received or claim filed by any person whom the director or the court may authorize or permit on behalf of the eligible beneficiaries. No claim shall be filed, however, to recover compensation benefits for the death of the worker unless he or someone on his behalf or on behalf of his eligible dependents has given notice in the manner and within the time required by Section 52-1-29 .. . and unless the claim is filed within one year from the date of the worker’s death. Section 52-l-31(B) (emphasis added). In this case, Worker’s death occurred on August 17, 2002. The parties stipulated in a pre-trial order that Employer had actual notice of Worker’s death and, thus, according to Section 52-1-31(B) of the Act, a claim for compensation benefits was required to be filed by August 17, 2003 — which was one year from the date of Worker’s death. Mrs. Schultz’s first and second complaints were filed on October 1, 2003, and June 18, 2004, respectively. Although Mrs. Schultz acknowledged that both filing dates fell outside the one-year limitations period provided by Section 52-1-31 (B), she argued at the formal hearing before the WCJ that her claim was timely filed because the statute of limitations was tolled for an additional time period that ultimately covered the filing of both complaints. The WCJ disagreed and entered a number of findings, concluding that there was no basis for tolling the statute of limitations. {9} On appeal, Mrs. Schultz argues that the WCJ’s determination was incorrect because the statute of limitations was tolled by two circumstances: (1) Employer’s conduct, which lulled Mrs. Schultz into a false sense of security and caused her to believe workers’ compensation would be paid under Section 52-1-36 of the Act, and (2) Employer’s failure to timely file an accident report under Sections 52-1-58 and -59 of the Act. {10} In reviewing the WCJ’s factual findings, we apply whole record review. DeWitt v. Rent-A-Center, Inc., 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341. We view the evidence in the light most favorable to the decision, “but may not view favorable evidence with total disregard to contravening evidence.” Id. (internal quotation marks and citation omitted). To the extent that Mrs. Schultz’s arguments regarding the statute of limitations challenge the WCJ’s factual findings, we must determine whether substantial evidence supports the findings. Torres v. Plastech Corp., 1997-NMSC-053, ¶ 8, 124 N.M. 197, 947 P.2d 154. “Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Id. (internal quotation marks and citation omitted). In addition, our review ofthe W CJ’s interpretation of statutory requirements concerning the statute of limitations is subject to a de novo standard of review. See DeWitt, 2009-NMSC-032, ¶ 14; see also Nelson v. Homier Distrib. Co., 2009-NMCA-125, ¶¶ 7, 11, 147 N.M. 318, 222 P.3d 690 (indicating that where facts relevant to a statute of limitations issue are not in dispute, the issue becomes a question of law to which we apply de novo review). a. Accrual of the One-Year Limitations Period {11} As a preliminary matter, we clarify when the one-year limitations period began to accrue in this case. According to Section 52-1-31(B), a complaint for workers’ compensation benefits must be filed “within one year from the date ofthe worker’s death.” Based on this statutory language, it is clear that the one-year time limit for bringing a claim for benefits begins to accrue on the date of the worker’s death. At oral argument before this Court, Mrs. Schultz’s counsel argued that the one-year limitations period in this case began running, not from the date of Worker’s death, but from the date that Mrs. Schultz filed her first complaint on October 1, 2003. Mrs. Schultz’s counsel argued that the filing date was the same date that Mrs. Schultz learned from the WCA ombudsman that Employer had not yet filed a claim on her behalf, and that, given Employer’s conduct, the one-year limitations period began accruing from the filing date. Her counsel cited Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572 (1943), as authority for this contention. Alternatively, Mrs. Schultz argued in her brief in chief that the one-year limitations period did not begin to accrue until October 27,2003, the date that Employer filed a written accident report with the WCA. {12} Neither of these arguments is persuasive. First, the language of Section 52-1-31 (B) is clear that the one-year limitations period begins accruing from the date of a worker’s death. We see nothing in the language of that subsection indicating that the running ofthe one-year limitations period may be delayed for the reasons given by counsel. {13} Second, Elsea is not controlling. Elsea did not involve death benefits and instead concerned an injured worker filing a suit for benefits after the employer refused to pay compensation. 47 N.M. at 361-62, 143 P.2d at 575-76. InElsea, the employer argued that the worker’s claim was not timely filed, while the worker claimed that the employer’s conduct misled him into delaying the filing of his claim. 47 N.M. at 366-67, 143 P.2d at 578. Our Supreme Court affirmed the fact finder’s finding supporting the worker’s view and further rejected the employer’s alternative argument that, at minimum, a worker must file a claim within “a reasonable time after [the employer’s] refusal” of the claim. 47 N.M. at 367-70, 143 P.2d at 578-80. We see nothing in Elsea suggesting that the limitations period begins to run at a time other than the date of the worker’s death in a case involving an alleged work-related death. Thus, the one-year limitations period in this case began accruing on August 17, 2002 — the date of Worker’s death' — and, absent any tolling, expired on August 17, 2003. b. The Operation of Tolling {14} Before we consider Mrs. Schultz’s specific arguments regarding the statute of limitations, we address how tolling of the statute of limitations would play out under the factual scenario presented in this case. Mrs. Schultz filed an initial untimely complaint for compensation benefits that was dismissed without prejudice through mediation and then, some months later, Mrs. Schultz filed a second complaint. Thus, if we were to determine that the late filing of the initial complaint was excused by Employer’s conduct or by Employer’s late filing of the accident report, we explain how tolling ofthe initial complaint would occur in the context of a later dismissal without prejudice and re-filing of a new complaint. {15} Mrs. Schultz’s initial complaint, filed on October 1, 2003, proceeded to mediation before a WCA mediator on December 19, 2003. This complaint was dismissed without prejudice as a result of the mediator’s recommended resolution. The recommended resolution made no reference to any statute of limitations issue, nor did it address whether the initial October 1, 2003, filing date would be preserved by the filing of an amended complaint. Because neither party filed a notice of acceptance or rejection of the recommended resolution, we assume that the recommended resolution became binding on the parties by operation of law. See 11.4.4.10(D)(5)(a) NMAC (6/13/03); see also NMSA 1978, § 52-5-5(C) (1993) (stating that any party who fails to notify the director ofthe WCA of its acceptance or rejection of the recommended resolution becomes conclusively bound by the resolution). At the formal hearing, Mrs. Schultz’s written pleadings and closing argument did not address what, if any, effect the dismissal without prejudice ofthe first complaint had on the second complaint. {16} In relevant part, the WCJ’s order concluded that: (1) “Mrs. Schultz’fs] original [cjomplaint was dismissed withoutprejudice”; (2) “the Recommended Resolution did not contain any language which preserved the original filing date for her”; and (3) “[wjhen a [cjomplaint is dismissed without prejudice it is as if the [cjomplaint were never filed; without saving language in the dismissal document, the statute of limitations continues to run.” {17} On appeal, Mrs. Schultz relies on Ortega v. Shube, an earlier case from this Court, to assert that the WCJ’s conclusion was legally incorrect. 93 N.M. 584, 603 P.2d 323 (Ct. App. 1979), overruled on other grounds by Bracken v. Yates Petroleum Corp., 107 N.M. 463, 760 P.2d 155 (1988). In Ortega, the plaintiffs brought an initial suit for workers’ compensation benefits within the one-year statute of limitations period that was dismissed without prejudice for lack of jurisdiction. 93 N.M. at 585, 603 P.2d at 324. The plaintiffs later filed a second lawsuit, in which they relied onNMSA 1978, Section 37-1-14 (1880), to claim that the second action was a continuation ofthe previously dismissed lawsuit. Ortega, 93 N.M. at 585-86, 603 P.2d at 324-25; see § 37-1-14 (providing that commencement of a second suit within six months after the original suit fails is “deemed a continuation of the first”). The district court declined to apply Section 37-1-14 and dismissed the second action because the statute of limitations had run prior to the filing of the second lawsuit. Ortega, 93 N.M. at 585, 603 P.2d at 324. On appeal, this Court determined that because the Workers’ Compensation Act specifically limits the commencement of an action to one year, Section 37-1-14 is inapplicable to workers’ compensation lawsuits and cannot extend the one-year statutory time limit for filing a claim. Ortega, 93 N.M. at 586-87, 603 P.2d at 325-26. Because the plaintiffs brought the second lawsuit after the one-year time limit had elapsed, we determined that the district court properly dismissed the lawsuit. Id. at 587, 603 P.2d at 326. {18} Of relevance to this case is the dissent in Ortega because it contains the approach that was later adopted by our Supreme Court, an approach that Mrs. Schultz appears to argue is applicable here. The Ortega dissent reasoned that the second lawsuit should not have been dismissed on statute of limitations grounds because the filing of the first action tolled the one-year limitations period during the pendency of that action. Id. at 588, 603 P.2d at 327 (Sutin, J., dissenting). The dissent determined that, once the first action was dismissed without prejudice, the statute of limitations began running once again and the second action was filed during the time remaining in the limitations period, stating: The first claims were filed within the statutory period [on July 20, 1976], When these claims were filed, the statutory period of limitation was tolled during their pendency since commencement of an action arrests the running of the applicable statutory period. When [the] plaintiffs’ claims were dismissed without prejudice on December 23, 1976, they were not dismissed because the district court was without power to adjudicate the claims, hut solely for the reason the claims were improperly stated and were joined with other common law claims and with one of products liability; that non-jury claims could not be joined with jury claims. The statutory period was tolled from July 20, 1976[,] to December 23, 1976, a period of five months thereafter. The claims filed on January 13, [1977,] were not untimely. Id. {19} In Bracken, our Supreme Court looked favorably on the dissent in Ortega and applied the dissent’s reasoning to that case. Bracken, 107 N.M. at 464, 466, 760 P.2d at 156, 158. In Bracken, the worker’s widow filed a claim for workers’ compensation approximately twenty-seven days prior to the expiration of the one-year period of limitations. 107 N.M. at 463, 760 P.2d at 155. The district court dismissed the case for lack of venue and, on appeal, the plaintiff argued that the district court should have transferred the case to a court with proper venue. Id. Our Supreme Court did not address whether the case can be transferred from an improper venue and instead relied on the reasoning in the dissent in Ortega. Bracken, 107 N.M. at 464, 760 P.2d at 156. The Court determined that the statute of limitations was tolled by “the diligent filing of the complaint” in the improper venue and that, following dismissal for improper venue, the plaintiff could re-file the complaint in the proper venue. Id. at 466, 760 P.2d at 158. The Court instructed that “[u]pon entry of the final order on remand from this appeal, the plaintiff shall have the remainder of the one-year statute of limitations, twenty-seven days, more or less, in which to file her complaint in a proper venue.” Id. {20} We conclude that the reasoning in Bracken is applicable to this case. With the foregoing in mind, we turn to address Mrs. Schultz’s arguments for tolling. c. Section 52-1-36: Employer’s Conduct {21} Mrs. Schultz’s primary argument for tolling of the statute of limitations in this case is that her late filing was excused under Section 52-1-36 based on Employer’s conduct that led her to believe that compensation would be paid. Section 52-1-36 provides that the failure of a person, entitled to compensation under the Act, to timely file a claim shall not be a bar to compensation “where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid.” Section 52-1-36. TheWCJ determined that Section 52-1-36 was inapplicable to this case because there was “[n]o conduct by Employer, in whole or in part, [that] led Mrs. Schultz to believe that compensation would be paid.” {22} The WC J entered several findings of fact, which Mrs. Schultz does not appear to challenge on appeal, concerning the course of conduct between Employer and Mrs. Schultz regarding workers’ compensation benefits in connection with Worker’s death prior to October 1, 2003 — the filing date for the first complaint. The WCJ found that in June 2003, approximately ten months after Worker’s death and still within the one-year limitations period, Mrs. Schultz met with a financial advisor who first informed her that she might be entitled to receive workers’ compensation benefits as a result of Worker’s death. Prior to this meeting, Mrs. Schultz was unaware that she might be eligible for workers’ compensation benefits, and Employer also had never raised the possibility of benefits with Mrs. Schultz. Later, on July 28, 2003, Mrs. Schultz and her financial advisor met with the Employer’s police chief to discuss the availability of benefits. Mrs. Schultz testified that the police chief told her that “he would take care of getting the workers’ compensation paperwork done.” The police chief testified that the possibility of workers’ compensation benefits had never occurred to him because Worker was off duty at the time of his death. The WCJ found that the police chief did not recall saying whether he would take care of filing the paperwork but that, when he was asked about Mrs. Schultz’s testimony, he responded by saying that “‘if she said that, it must be correct.’” {23} The WCJ found that, following the meeting, Mrs. Schultz did not speak to Employer again regarding the paperwork, and she “evidently believed . . . that because Employer had done the paperwork necessary for her to receive . . . federal benefits [some months earlier], it would do so similarly for the workers’ compensation benefits.” In late September 2003, Mrs. Schultz became concerned that she had not yet received workers’ compensation benefits, and she contacted the WCA on October 1, 2003. She learned from an ombudsman that Employer had not filed a claim on her behalf. She proceeded to file a pro se complaint on the same day, although the complaint was outside the one-year limitations period. {24} Mrs. Schultz argues that the WCJ misapplied Section 52-1-36 to the facts of this case. She contends that the above facts indicate “that the course of conduct between [her and Employer] lulled her into a false sense of security that her claim would be paid” and caused her to delay in filing the complaint. As support, she cites to other jurisdictions which she claims have held that a worker’s late filing is excused by an “employer’s assurance that it would initiate a workers’ compensation claim on the worker’s behalf.” {25} There is authority supporting Mrs. Schultz’s argument. Section 52-1-36 permits tolling when an employer’s conduct reasonably leads the worker to believe that compensation will be paid. And Professor Larson’s treatise on workers’ compensation notes that [t]he most common type of case [for excusing lateness on the basis of employer fault] is that in which a claimant. . . contends that he or she was lulled into a sense of security by statements of [the] employer[,] or carrier representatives that the claimant “will be taken care of[,]” or that the claim has been filed[,] or that a claim will not be necessary because the worker would be paid compensation benefits in any event. When such facts are established by the evidence, the lateness of the claim has ordinarily been excused. 7 Arthur Larson & Lex K. Larson, Larson’s Workers’ Compensation Law § 126.09[1] (2011) (footnote omitted); see also id. § 126.09D[1] n.l (for cases cited therein). However, we need not decide whether Employer’s conduct tolled the statute of limitations because, even if we assume without deciding that such tolling took place, it would not extend to cover the second complaint Mrs. Schultz filed. {26} On July 28, 2003, the date Mrs. Schultz first met with Employer to discuss the possibility ofworkers’ compensation benefits, there were still approximately twenty-one days left in the one-year limitations period, which was set to expire on August 17, 2003 — one year from Worker’s death. If Employer’s representations at that meeting tolled the one-year limitations period, the tolling would have occurred from July 28, 2003, to October 1, 2003 — the duration of time during which Mrs. Schultz believed, as a result of her meeting with Employer, that Employer would take care of the claim. This time period was approximately two months long and represents the tolling period. See Owens v. Eddie Lu's Fine Apparel, 95 N.M. 176, 178, 619 P.2d 852, 854 (Ct. App. 1980) (stating that “during the time the [employer] reasonably led the plaintiff to believe that compensation would be paid, the limitation period for filing a claim was tolled”), abrogation on other grounds recognized Cole v. J.A. Drake Well Serv., 106 N.M. 484, 745 P.2d 392 (Ct. App. 1987). Once Mrs. Schultz filed the first complaint on October 1, 2003, the statute of limitations stopped running during the pendency of that action because the commencement of an action arrests the running of the applicable statutory time period. See Bracken, 107 N.M. at 466, 760 P.2d at 158; see also City of Rio Rancho v. Amrep Sw. Inc., 2011-NMSC-037, ¶ 45, 150 N.M. 428, 260 P.3d 414 (citing Bracken and other cases for the general proposition that the filing of a complaint tolls the statute of limitations during the pendency of the action). After the first complaint was dismissed without prejudice and a notice of case completion was issued, Mrs. Schultz then had the remainder of the one-year statute of limitations, twenty-one days, in which to file her second complaint. Because some months elapsed before an attorney for Mrs. Schultz filed the second complaint, the statute of limitations expired. Thus, even if there was tolling as a result of Employer’s conduct, the second filing still fell outside the one-year limitations period. d. Sections 52-1-58,-59: Employer’s Late Filing of the Accident Report {27} Mrs. Schultz next argues that the statute of limitations was tolled according to Sections 52-1-58 and -59, due to Employer’s alleged late filing of the accident report. It appears that Mrs. Schultz did not preserve this argument for appellate review. In her opening and closing arguments during the formal hearing as well as in her requested findings of fact and conclusions of law, Mrs. Schultz did not raise any arguments based on Sections 52-1-58 and -59. Her only argument regarding the statute of limitations at the hearing was that Employer’s conduct required tolling of the one-year limitations period according to Section 52-1-36. Because Mrs. Schultz did not make any arguments regarding Sections 52-1-58 and -59, the WCJ did not make any specific findings or conclusions on this basis. See Rule 12-216(A) NMRA (“To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked}.]”). However, even if we were to ignore the preservation issue, we conclude that Sections 52-1-58 and -59 do not provide a basis for us to determine that Mrs. Schultz’s second complaint was timely filed. {28} Section 52-l-58(A) requires an employer to file a written report of an accidental injury suffered by an employee during the course of employment with the director of the WCA within ten days of the injury or within ten days of notification to the employer of the injury. Section 52-1-59 addresses the consequences of an employer’s late filing or failure to file the written accident report, as follows: No claim for compensation under the Workers’ Compensation Act ... as it now provides or as it may hereafter be amended, shall be barred prior to the filing of such report or within thirty days thereafter, but this section does not shorten the time now provided for filing claims with the director. Based on our reading of Sections 52-1-58 and -59, a worker has one year from the date of injury/death to file a claim for workers’ compensation unless the employer has failed to file the written accident report. Once the initial one-year limitations period has run, no claim for compensation will be barred as long as the claim is filed prior to the accident report. See § 52-1-59 (“No claim for compensation . . . shall be barred prior to the filing of such report}.]”). However, once the employer files the accident report, the worker is given only thirty days from that date to file his/her claim for compensation. See id. (“No claim for compensation . . . shall be barred prior to the filing of such report or within thirty days thereafter, but this section does not shorten the time now provided for filing claims}.]”). Our reading is consistent with prior cases holding that Section 52-1-59 tolls the statute of limitations for untimely filed workers’ compensation claims where the employer has failed to file the written accident report. See Nelson, 2009-NMCA-125, ¶¶ 8-15 (determining that a workers’ compensation claim, although filed seven months past the one-year limitations period, was not barred by the statute of limitations due to the employer’s failure to file an accident report in New Mexico); see also Herman v. Miners’ Hosp., 111 N.M. 550, 556, 807 P.2d 734, 740 (1991) (stating that “Section 52-1-59 provides that the effect of a failure to file is that no claim for compensation is barred prior to the filing of the appropriate report” and then determining in that case that the late filing of a compensation claim almost two years after the worker’s death was excused by the employer’s failure to file the report). {29} In this case, Mrs. Schultz filed her initial complaint on October 1, 2003, which was nearly a month before Employer filed the written accident report on October 27, 2003. Consistent with Section 52-1-59, her initial complaint was timely because it could not be barred until the accident report was filed. However, this does not solve the timeliness problem that ensued when the initial complaint was dismissed without prejudice. Once the dismissal occurred, Section 52-1-59 would no longer apply. Section 52-1-59 would have allowed Mrs. Schultz an additional thirty days from the date the accident report was filed within which to file her second complaint — to November 26, 2003. But because that date had already passed before the second complaint was filed, Mrs. Schultz was not entitled to any additional time upon dismissal of her initial complaint. We are aware of no authority suggesting that Mrs. Schultz would be entitled to a second thirty-day period under Section 52-1-59 upon dismissal of her initial complaint. e. Relation Back to the Original Filing Date of the First Complaint {30} Mrs. Schultz makes a final argument for bringing the second complaint within the one-year limitations period. She contends that the recommended resolution issued by the mediator “intended to preserve [Mrs. Schultzj’s original filing [date of October 1, 2003,] and relate a subsequent complaint back to that date.” She further argues that if this Court determines that the language of the mediation order is unclear and that it in fact “failed to preserve her rights,” we should interpret the order to preserve her original filing date in order to accomplish the mediator’s obvious intent. {31} Mrs. Schultz did not make this argument before the WCJ. As a result, Employer was not given the opportunity to respond to it, and the WCJ had no chance to rule on the specific argument that Mrs. Schultz now makes. See Diversey Corp. v. Chem-Source Corp., 1998-NMCA-112, ¶ 38, 125 N.M. 748, 965 P.2d 332 (explaining that preservation serves the purposes of (1) allowing the trial court an opportunity to correct any errors, thereby avoiding the need for appeal; and (2) creating a record from which the appellate court can make informed decisions). However, even if we were to set aside the preservation issue, we are not persuaded by this argument for two reasons. First, Mrs. Schultz does not point to any language within the recommended resolution that suggests the mediator’s intent was to preserve the original filing date. Second, our Supreme Court in Bracken expressly held that the general savings statute, Section 37-1-14, is not applicable in the workers’ compensation context. Bracken, 107 N.M. at 465, 760 P.2d at 157. That statute deems a new suit begun within six months to be a continuation of a prior suit in which the plaintiff “fail[ed] therein for any cause.” Section 37-1-14. The Court in Bracken stated that “Section 37-1-14 is made inapplicable by Section 37-1-17 to any action or suit limited by separate statute.” Bracken, 107 N.M. at 465, 760 P.2d at 157. Therefore, this relation-back mechanism is unavailable to Mrs. Schultz, and she has not cited any other authority supporting her argument. {32} We recognize that Mrs. Schultz’s second complaint fails due to the technicality of the mediator’s dismissal of her initial complaint without prejudice. We acknowledge that the mediation process in workers’ compensation proceedings is not infallible and that there may be instances, such as here, where a recommended resolution drafted by a mediator can have unfortunate consequences for workers or their surviving dependents. This is perhaps why our Legislature has created mechanisms under the Workers’ Compensation Administration Act by which a worker can reject, seek modification, or pursue a number of other actions with respect to recommended resolutions and compensation orders. See § 52-5-5(C) (allowing a party to accept or reject a recommended resolution within thirty days of receipt); see also § 52-5-9 (discussing procedures for modifying compensation orders); Hidalgo v. Ribble Contracting, 2008-NMSC-028, 144 N.M. 117, 184 P.3d 429 (addressing the relationship between Sections 52-5-5 and -9). Unfortunately, in this case, counsel for Mrs. Schultz did not argue that the recommended resolution, which dismissed her first complaint, was issued in error or that it should have been modified on any of the statutory grounds available to her. Mrs. Schultz also did not file a notice of acceptance or rejection of the recommended resolution. And, although her counsel included in the second complaint a request for modification of the recommended resolution pursuant to Section 52-5-9, there is no indication that counsel followed up on this request or that any argument was made at the formal hearing on the basis of Section 52-5-9. We are unable to discern any basis for overcoming the technical issues in this case in order to reach the merits. CONCLUSION {33} Based on the foregoing, we affirm the WCJ’s determination that Mrs. Schultz’s claim was barred by the statute of limitations. {34} IT IS SO ORDERED. CYNTHIA A. FRY, Judge I CONCUR: CELIA FOY CASTILLO, Chief Judge JONATHAN B. SUTIN, Judge (specially concurring).