This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38402**

**REILLY JOHNSON,**

Plaintiff-Appellant,

v.

**NEW MEXICO CORRECTIONS DEPARTMENT, GEO GROUP INCORPORATED, and A GROUP OF NECESSARY-DEFENDANT CORRECTIONS OFFICIALS,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF UNION COUNTY**
**Jeff McElroy, District Judge**

Reilly Johnson
Santa Rosa, NM

Pro Se Appellant

New Mexico Corrections Department
Office of General Counsel
Kevin L. Nault, Deputy General Counsel
Santa Fe, NM

YLAW, P.C.
April D. White
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Plaintiff appealed following the entry of an order dismissing his cause of action for lack of subject matter jurisdiction. We previously issued a notice of proposed summary disposition in which we proposed to dismiss. Plaintiff has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore dismiss.

**{2}** Because the relevant background information and principles of law were previously set forth, we will summarize only briefly here. To reiterate, the district court entered a final order of dismissal on December 24, 2018. [RP 140] As a mandatory precondition to this Court's exercise of appellate jurisdiction, Plaintiff was required to file notice of appeal no later than January 23, 2019. *See* Rule 12-201(A)(2) NMRA (requiring notice of appeal to be filed within thirty days of the entry of a judgment or final order); *Santa Fe Pacific Tr. v. City of Albuquerque*, 2012-NMSC-028, ¶ 27, 285 P.3d 595 (observing that "our place and time of filing rules are mandatory preconditions to the exercise of appellate jurisdiction"). Because Plaintiff filed his notice of appeal more than seven months late, [RP 72-73] we conclude that this matter is not properly before us. *See generally Hoyt v. State*, 2015-NMCA-108, ¶ 35, 359 P.3d 147 ("Absent a timely notice of appeal, we must dismiss.").

**{3}** In his memorandum in opposition Plaintiff suggests that the district court's order of dismissal should not be regarded as a final disposition, because it "failed to dispose of all issues of law and fact . . . to the fullest extent possible." [MIO 1] We disagree. The order explicitly grants summary judgment and dismisses the entire action, as to all Defendants, for lack of subject matter jurisdiction. [RP 140-42] This is a full and final disposition. *See, e.g., Schneider Nat'l, Inc. v. N.M. Tax'n & Revenue Dep't*, 2006-NMCA-128, 140 N.M. 561, 144 P.3d 120 (entertaining appeal from an order granting summary judgment and dismissing a complaint for lack of subject matter jurisdiction); *Luboyseki v. Hill*, 1994-NMSC-032, ¶ 6, 117 N.M. 380, 872 P.2d 353 (holding that an order dismissing all of the defendants to an action constituted a final, appealable order); *Ortega v. Shube*, 1979-NMCA-130, ¶ 4, 93 N.M. 584, 603 P.2d 323 ("Summary [j]udgment is a final order . . . and final orders are appealable.").

**{4}** We further understand Plaintiff to dispute the finality of the order of dismissal on grounds that the district court failed to address the merits of the underlying claim(s), as well as Plaintiff's subsequent attempt(s) to challenge the validity of the internal grievance procedure. [MIO 2-3, 12] However, the fact that the district court did not reach either the merits of the underlying claim(s) or the apparently unpreserved challenge to the grievance procedure does not alter the finality of the preceding order of dismissal. *See Vill. of Los Ranchos de Albuquerque v. Shiveley*, 1989-NMCA-095, ¶ 12, 110 N.M. 15, 791 P.2d 466 ("A final determination of the rights of the parties with reference to the subject matter of the litigation is not essential. It is the termination of the particular action which makes the judgment final. A decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is a final judgment."). *See generally Barreras v. N.M. Corr. Dep't*, 1992-NMSC-059, ¶ 22, 114 N.M. 366, 838 P.2d 983 ("We will not consider a matter not properly brought before the trial court for the first time on appeal.").

**{5}** We understand Plaintiff to further contend that his filing of a variety of postjudgment submissions should alter our analysis. [MIO 10-12] However, only certain specified postjudgment motions have the effect of extending the time within which to appeal, and any such motion must be timely filed, within thirty days after the entry of the judgment. *See* Rule 12-201(D)(1) (cataloging postjudgment motions that extend the time for filing notice of appeal until such time as written dispositions are entered thereupon, and indicating that such motions must be timely, filed not more than thirty days after the entry of judgment, and within the permissible time period for initiating an appeal). As we previously observed in the notice of proposed summary disposition, [CN 3-4] none of Plaintiff's various postjudgment submissions satisfy these requirements. We therefore remain unpersuaded that the filing deadline was tolled. *See generally Wakeland v. N.M. Dep't of Workforce Solutions*, 2012-NMCA-021, ¶ 25, 274 P.3d 766 (holding that "[s]imply being confused or uncertain about the appropriate procedure for seeking review is not the sort of unusual circumstance beyond the control of a party that will justify an untimely filing").

**{6}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we dismiss.

**{7}    IT IS SO ORDERED**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**